GILBERT WHITE *v.* NATHANIEL MILLER.

The recital in a deed, of the receipt of the consideration is only *prima facie* evidence of the amount paid, and is subject to explanation by showing by parol, that nothing in reality had been paid.

The words, "*the same containing about five and three fourths acres, be the same more or less,*" following, in a deed, the description by metes and bounds, of the land conveyed, are to be treated as part of the description merely, and not as conclusive proof against the grantee, that he had purchased and agreed to pay for the land, without reference to the quantity.

The grantee may prove by parol, in such case, that the contract was really for a certain number of acres, at a specified price for each acre, and that a mutual mistake was made in the measurement, by which the quantity was supposed to

White *v.* Miller.

be larger than it really was; and he may recover, in an action for money had and received, the amount paid by him for the land above the amount which should have been paid, according to the terms of the contract.

And it is not necessary for the grantee, in such case, to offer to rescind the contract, before bringing his action.

INDEBITATUS ASSUMPSIT for money had and received. Plea, the general issue, and trial by jury, November Term, 1846,—KELLOGG, J., presiding.

On trial the plaintiff proved by parol testimony, which was objected to by the defendant but admitted by the court, that in September, 1844, he contracted with the defendant to purchase and did purchase of him an irregularly shaped piece of land, at the price of $25,00 per acre,—the quantity of the land being unknown to the parties; that the plaintiff and defendant went together, and, with leading lines, measured the lines of the land, and the defendant computed *the contents* and made the same amount to five and three fourths acres; that at the same time, and immediately after the defendant's computation, a third person, not a surveyor, at the request of the plaintiff, computed the contents, from the defendant's minutes, as the defendant had done, and with the same result; that in both computations an error occurred of one acre and a quarter,— the land, when correctly computed, amounting to only four acres and a half; and that, both parties being ignorant of the mistake in *the* computation, the plaintiff paid to the defendant $143,75, the price of five and three fourths acres at $25,00 per acre, and the defendant executed to the plaintiff a deed of the land, and the plaintiff went into possession, and still continues in possession.

The deed, which on notice by the defendant was produced by the plaintiff, was a deed with covenants of warranty, in common form, acknowledging the receipt of $142,00 as the consideration, and describing the land as being bounded on certain other lands, without giving courses, or distances,—the description concluding with these words,—" the same containing about five and three fourths acres, be the same more or less."

The court charged the jury, that upon the evidence, if believed, the plaintiff would be entitled to recover; and the jury returned a verdict in his favor for the amount of the deficiency in the land, at $25,00 per acre. Exceptions by defendant.

*E. Hutchinson* for defendant.

This is the common case of a purchase and sale of a certain specific, indivisible piece of property, where the parties, in fixing upon a piece, have each had and improved the opportunity of inspecting and judging for himself of its value, where both have had equal facilities for forming a correct estimate, and where both, in arriving at a result, must necessarily have taken into consideration as well quantity, as any other quality, which could in any way be supposed to affect its value. No express warranty of quantity was given, or required. The policy of the law, in such cases, is *caveat emptor*. *Penniman* v. *Pierson*, 1 D. Ch. 394. *Beach* v. *Stearns et ux.*, 1 Aik. 327. 4 Kent 455. *Powell* v. *Clark*, 5 Mass. 355. *Boar* v. *McCormick*, 1 S. & R. 166. *Snow* v. *Chapman*, 1 Root 275. *Perkins* v. *Webster*, 2 N. H. 287. 1 Steph. N. P. 329. 1 Ves. & B. 375, note. *Williams* v. *Hicks*, 2 Vt. 36.

The plaintiff was improperly permitted to recover upon *parol proof* of the contract. It was a contract, which could be consummated only by deed; Rev. St. c. 60, § 4; or by a decree of a court of chancery, which is made, by statute, equivalent to a deed; Rev. St. 157, § 81. Both the parties must have understood, that it was to be consummated by deed; and the rules of law require, that the deed, when executed, should contain every condition, reservation and qualification of the grant, or of the covenants, which the grantor ever intends to insist upon, and every covenant and stipulation, which the grantee may deem material for the protection of his rights. For, when executed and delivered by the one, and accepted by the other, neither shall be permitted to aver against or add *by parol* to the grant, or covenants, as expressed and qualified in the deed. *Reed* v. *Wood*, 9 Vt. 288. *Bradley* v. *Bentley*, 8 Vt. 243. *Rich* v. *Elliott*, 10 Vt. 211. *Pattison* v. *Hull*, 9 Cow. 747. *Hibbard* v. *Whitney*, 13 Vt. 21. *M'Crea* v. *Purmort*, 16 Wend. 473. 2 Steph. N. P. 1531, note. 3 Cow. & H. Notes to Phil. Ev. 1466, note 984. The qualifying words, added to the description in this deed,—" *containing about five and three fourths acres, be the same more or less,*"—constitute a condition, or rather qualification, of the grant, and, by all the authorities, amount to an unqualified stipulation, that the grantor shall not be responsible for any deficiency in quantity, but that the grantee shall take it, in that respect, wholly at his own risk.

It follows, as a necessary consequence, that the plaintiff, having the sealed contract of the defendant, still in force, relative to the subject matter of agreement in controversy, should have brought covenant, and cannot maintain assumpsit. 1 Steph. N. P. 237, 239. 1 Chit. Pl. 94, 95. *Toussaint* v. *Martinnant,* 2 T. R. 104. Had he brought covenant, it is true, that he must have recovered, if at all, upon some express or implied covenant contained in the deed. If no such covenant is to be found in the deed, there is not a case, of authority, to be found, that would admit of his supplying the deficiency *by parol.*

But if it were a proper case for assumpsit, a recovery should not be permitted upon the common counts only. The plaintiff should have declared specially. It is similar to that class of cases, where a recovery is sought, as for a warranty of personal property; and where the decisions are, that the question cannot be tried upon the common counts, unless the bargain is wholly rescinded. *Warner* v. *Wheeler,* 1 D. Ch. 159.

*Tracy & Converse* for plaintiff.

That general assumpsit is sustainable, to recover for money, or goods, paid by *mistake of matter of fact,* will not probably be questioned, as a general proposition. 1 Sw. Dig. 398. 2 Ld. Raym. 1217. 1 Steph. N. P. 329, 345. *Kelly* v. *Solari,* 9 M. & W. 53. *Moses* v. *McFarland,* 2 Burr. 1005. *Bize* v. *Dickason et al.,* 1 T. R. 285.

The parol testimony was properly admitted. It did not tend to contradict, or vary, the deed. There was no dispute, but that the *description* of the land was correct. The *quantity* of land was not fixed by the deed. It did not, then, vary the terms of the deed in that particular. The deed could not be conclusive as to the *number of acres* conveyed; if the quantity had been ten acres, and the deed had described it as forty, the metes and bounds govern. The testimony did not tend to contradict the deed in the matter of the consideration named in the deed. But the recitals in deeds, both as it regards the kind and amount of consideration, or its receipt by the grantor, are now treated as matter of form merely, and certainly of no higher grade of proof than *prima facie* evidence. *Beach* v. *Packard,* 10 Vt. 96. *Lazell* v. *Lazell,* 12 Vt. 443. 4 Kent 465.

---

---

*Bullard* v. *Briggs*, 7 Pick. 533.  *Wilkinson* v. *Scott*, 17 Mass. 249.
*Rex* v. *Inh. of Scammonden*, 3 T. R. 474.  *Shepherd* v. *Little*,
14 Johns. 210.  *Morse* v. *Shattuck*, 4 N. H. 229.  *Hall* v. *Hall*,
8 N. H. 129.  *Bowen* v. *Bell*, 20 Johns. 338.

The plaintiff is not seeking to repudiate the trade, nor to vary the
contract; but he is merely asking to be reimbursed a sum of money,
which he, through mistake, paid to the defendant under the con-
tract.

The opinion of the court was delivered by

HALL, J.   The first and most important objection, that is made
to the verdict is, that the parol testimony was improperly admitted,
for the alleged reason, that the whole contract between the parties
was merged in the deed and could not otherwise be shown than by
the deed itself.

How far a contract for the purchase and sale of land is to be con-
sidered as being embraced and controlled by the terms of the deed
is a question, upon which the authorities are to some extent contra-
dictory and irreconcilable.    In England the recital of the payment
of the consideration money in a deed of conveyance is regarded as
conclusive evidence of payment, binding the parties by estoppel;
and to that effect are some of the earlier cases in this country.   But
the American courts now generally treat the recital of the receipt
of the consideration as only *prima facie* evidence of the amount
paid; and as subject to explanation, by showing, by parol, that
nothing in reality had been paid, but that the sum agreed upon as
the consideration for the conveyance was still due and unpaid.
This is the undoubted law of this state.   *Beach* v. *Packard*, 10 Vt.
96.   *Lazell* v. *Lazell*, 12 Vt. 443.

The recital in the deed is not, however, much relied upon as an
obstacle to the introduction of the parol testimony in this case.
But it is insisted, that the conclusion of the description of the land
in the deed,—" *the same containing about five and three fourths
acres, be the same more or less,*"—is to be taken as conclusive evi-
dence, that, at the final consummation of the contract, the plaintiff
agreed to accept of the land, and to pay the consideration for it,
without reference to the quantity it contained,—that, having received
the land *for more or less,* without reference to the quantity, he can-

not now be permitted to show, that the contract was for a certain number of acres, and that the quantity turned out to be less than was contracted for.   The question in regard to the effect of a recital of this description, in a deed, upon the contract of purchase and sale, is one of considerable difficulty, and one which does not appear to be controlled by positive authority.

The reason, why the recital of the receipt of the consideration in the deed is not now held to be conclusive, is, that the object of inserting the consideration is to give effect to the conveyance, as a legal instrument, and not to specify the contract in regard to the price paid, or to be paid, or the fact or mode of payment.   The receipt of the consideration being acknowledged for one purpose, it is held to be unjust to allow it to conclude a party upon another matter, not contemplated by its insertion.

Was the statement, in the present case, of the quantity of land in the deed, with the qualification of *more or less* added to it, designed as a recital of the contract, that had been made between the parties in regard to the price to be paid, or was it merely intended as part of the description of the land to be conveyed?   It has long been held, that the statement of a *precise* quantity of land, as conveyed by a deed, does not bind the grantor to make good that quantity. Thus, it was held in *Beach* v. *Stearns et ux.*, 1 Aik. 325, that the words " *containing thirty four acres and nineteen rods of ground,*" in a deed, added to a description of the land by metes and bounds, did not import an agreement, that the land should hold out that quantity.   And in *Powell* v. *Clark*, 5 Mass. 355, the still stronger words—" *the lot to contain two hundred acres by measure*"—following a similar description of the land, were held to be alike inoperative against the grantor.   The reason given, why such words—of a sufficiently affirmative character to import a covenant—should not be construed as such, is, that they were not inserted for the purpose of declaring what the contract had been between the parties in regard to the quantity of land, but merely as a part of the description of the land designed to be conveyed.   If words thus made use of, positively declaring the conveyance of a precise quantity of land, are not evidence against the grantor, that he had sold that quantity, it is difficult to perceive, why words, which merely import, that the quantity may be uncertain, should be conclusive proof against the

grantee, that he had purchased and agreed to pay for the land, without reference to the quantity. If the language is merely descriptive of the land, when the quantity is stated as certain, it would seem to be equally so, when the quantity is stated to be uncertain.

The purpose, for which the deed is made, is not, to state the contract between the parties in regard to *the terms* of the purchase, *but to pass the title to the land.* The deed is not, strictly speaking, an agreement between the grantor and the grantee. It is executed by the grantor alone, and is a declaration by him, addressed to all mankind, informing them that he thereby conveys to the grantee the land therein described. The object *is to pass the title,*—not to declare the terms upon which the land had been sold and the mode in which payment was to be made. And in declaring that the land described contains about so many acres, more or less, the grantor merely says, that the land included within the boundaries before stated shall pass to the grantee, whatever may be the quantity— whether it be more or less than the quantity stated. It would be a forced construction of such language, thus used, to hold that the grantor intended thereby to make any declaration in regard to the particular terms of the purchase, or the mode by which the price to be paid for the land had been arrived at between the parties.

It is not intended to say, that the terms of a contract of sale may not be recited in a deed ; and when the design to do so is apparent, effect should doubtless be given to the recital. But when the language of the deed, as in the present case, is general, and the words used may have their full force, as descriptive of the land, we think they should not be construed to conclude the parties in regard to the terms of the contract.

It is not to be denied, that it would be difficult to reconcile some of the authorities cited in the argument with the conclusion to which we have come ; and upon what I considered to be the weight of authority I was at first inclined to hold, that the parol testimony should have been excluded. But on farther consideration and reflection I have become satisfied, that the view we have taken is founded on the true nature and object of a deed of conveyance,— especially a conveyance by deed poll, and that any other rule, than that we adopt, would give an effect to the instrument not contemplated by the parties to do, and would consequently operate un-

justly. We are therefore of opinion, that the contract proved by parol is not to be considered as having been merged in the deed, and that the evidence was properly admitted.

It is farther objected in behalf of the defendant, that the facts proved were insufficient to authorize a recovery. It is said, that the parties having each an opportunity of ascertaining the quantity of the land, and there being no fraud in the case, the principle of *caveat empter* applies, and that the plaintiff is to be considered as having taken the land, in regard to the quantity, at his own risk. It is undoubtedly a general rule of law, well settled in this state, that in the absence of fraud and warranty, the purchaser takes the property at his own risk, as it regards its *quality*, and where the *quantity* is made the subject of estimation only, a similar rule would probably apply. But when the quantity of the thing purchased is agreed to be ascertained by count, weight, or measure, and there is an error in the count, weight, or measure, such error must be a proper subject of correction. In the present case the price to be paid was to be determined by the quantity of the land, and the error appears to have been one of mere computation. It would seem, from the bill of exceptions, that the lines of the land were rightly measured, but the quantity erroneously computed. The parties were under a mutual mistake, by reason of which a greater amount of money was paid to the defendant, than he was entitled to by the contract. The excess, above that which the defendant was to receive by the contract, belongs in equity and good conscience to the plaintiff, and we think he may well recover it in this action.

It may be added, in reference to another objection made in argument, that this is not a case, in which it was necessary for the plaintiff to rescind the contract, or to offer to rescind it, before bringing the action; because when the money is recovered, the parties will be left in the precise situation, in which they were to be placed by the contract. *Johnson* v. *Johnson*, 3 B. & P. 162. *Miner* v. *Bradley*, 22 Pick. 460.

The result is, that the judgment of the county court is to be affirmed.