EPHRAIM THAYER *v.* VILES & ATKINS.

*Action to recover back the price paid for land. Statute of frauds. Recital of consideration. Parol evidence to vary or enlarge agreement in writing.*

Under a declaration, which alleged, that, in consideration that the plaintiff would pay to the defendants $50,00, the defendants promised to execute and deliver to the plaintiff a quitclaim deed of certain land, and also promised, that, if the plaintiff should not acquire and receive a good and valid title to the land by virtue of said deed, they would repay to him the $50,00 on demand, and that the plaintiff paid the money and received the deed, but did not thereby acquire and receive a good title to the land, the plaintiff gave evidence tending to prove, that the original title to the land was not, upon the town records of the town where the land lay, in the defendants, and that, so far as could be ascertained, the defendants had no title of record to the land; and it was held, that this evidence was sufficient to impose upon the defendants the burden of proving their title, and, in the absence of any evidence on the part of the defendants, would entitle the plaintiff to recover.

An action, which merely concerns the price of land, is not required, by the statute of frauds, to be sustained by evidence of an agreement in writing.

The recitals in a deed of the amount of the consideration and the receipt of payment will not estop the party from sustaining an action in respect to the price.

The fact, that the grantee gave his promissory note for a part of the price of the land, will not preclude his proving by parol, in an action brought to recover back the entire price paid, that the grantor agreed to repay the entire price, in case the grantee did not acquire a good title to the land by the deed.

Neither is the party precluded from proving such agreement by parol by the fact, that he received a quitclaim deed of the land, since the evidence does not tend to enlarge the deed, but merely shows, that the price of the land was left to rest wholly in oral contract.

ASSUMPSIT. The plaintiff alleged in his declaration, that, in consideration that he would pay to the defendants $50,00, the defendants promised that they would execute and deliver to him a quitclaim deed of a certain specified part of lot No. 79 in Braintree, and that, if the plaintiff should not acquire and receive a good and valid title to the land by virtue of said deed, they would repay to him the said

Thayer *v.* Viles et al.

sum of $50,00 on demand, and that the plaintiff paid the money and received the deed, but that he did not thereby acquire and receive a good and valid title to the land, whereby the defendants became liable to repay to him the said sum of $50,00, which they declined to do, although requested. Plea, the general issue, and trial by jury, June Term, 1850,—REDFIELD, J., presiding.

On trial the plaintiff, to sustain the issue upon his part, gave evidence tending to prove, that on the twenty second of February, 1845, he purchased of the defendants lot No. 79 in Braintree, at the price of $50,00, and that the defendants executed and delivered to him a quitclaim deed of the lot, and then promised him, that, if he did not acquire a good title by virtue of the deed, they would refund the money to him; that he paid to the defendants $10,00 at the time the bargain was made, and gave them his note for $40,00, which he paid in September, 1845; that he received the quitclaim deed and took possession of the land; and that in August, 1848, he requested the defendants to refund the purchase money,—which they refused to do. The defendants objected to the plaintiff's being allowed to prove these facts by parol evidence; but the objection was overruled by the court. The plaintiff also gave in evidence the quitclaim deed of said lot, executed to him by the defendants, dated February 22, 1845, and also a deed of said lot from Mary Brackett, Susannah Newcomb and Alice Brackett, described as heirs of William Brackett, to John Spear, dated November 23, 1807, and also a deed of the same lot from John Spear to Lewis H. Spear, dated August 16, 1848, and also a copy of an extract from the proprietors' records of Braintree, showing that lot No. 79 was drawn to William Brackett. The plaintiff also called as a witness the town clerk of Braintree, who testified, that he had examined the records and could find no record of any deed of said lot to the defendants. There was no evidence in the case, to show whether the plaintiff had ever taken possession of the land under the deed from the defendants, except that it appeared incidentally in the case, that some one brought a suit against the plaintiff for the land, and that the plaintiff procured some one to buy in the title of John Spear, who it seemed was the plaintiff in that suit, for $50,00.

The defendants requested the court to charge the jury, that the plaintiff could not recover back the $50,00 paid to the defendants

for the quitclaim deed, unless he proved a promise in writing to re-
fund the same, and also, that the plaintiff could not recover, unless
he showed where the true title to the lot was, and that it was not in *
the defendants.

The court charged the jury, that if the testimony gained credit,
the plaintiff was entitled to recover the $50,00 paid, and interest, on
the ground that the plaintiff had proved sufficient to cast the burden
upon the defendants of showing their title.

Verdict for plaintiff. Exceptions by defendants.

*E. Weston* for defendants.

I. The county court erred, in permitting the plaintiff to recover
without showing where the true title to the land was,—as in no other
way could he show, that he did not receive a good title from the
defendants. The plaintiff should have been required to prove, that
he had been evicted from the land by due process of law, or to show
a title in some other person, sufficient to have maintained ejectment
against him.

II. Parol testimony should not have been received;—1. Because
it tended to vary, alter and contradict the deed and note. It was all
one bargain, and if part was put in writing, the whole should have
been. The plaintiff, having received the deed, which says, that the
money was received in consideration thereof *unconditionally*, should
be estopped and not permitted to show by parol, that it was received
conditionally. 2. Because of the statute of frauds. It was a con-
tract relating to the sale of land, and should have been in writing.
*Lano* v. *Neale*, 3 E. C. L. 267. *Campbell* v. *Hodgson*, 5 Ib. 468.
*Baker* v. *Dewey*, 8 Ib. 193. *Woodbridge* v. *Spooner*, 18 Ib. 195.
*Bradshaw* v. *Bennett*, 24 Ib. 205. *Goss* v. *Nugent*, 27 Ib. 33.
*Harvey* v. *Grabham et al.*, 31 Ib. 270. *Stowell* v. *Robinson*, 32 Ib.
386. *Mechelen* v. *Wallace*, 34 Ib. 32. *Flinn* v. *Calow*, 39 Ib. 568.
*Giraud* v. *Richmond*, 52 Ib. 835. *Vaughan* v. *Hancock*, 54 Ib. 766.
5 Vt. 152, 514. 8 Vt. 243. 9 Vt. 285. 11 Vt. 679. 14 Vt. 25,
457. 16 Vt. 525. 3 Stark. Ev. 1001-4. 2 Steph. N. P. 1335.

*J. P. Kidder* for plaintiff.

1. The court charged correctly, so far as the title is concerned,
that sufficient was proved by the plaintiff to cast the burden upon
the defendants of showing their title.

2. The agreement to refund the $50,00 was collateral and independent, and only incidentally connected with the stipulations of the deed, and could be proved by parol evidence. *Barney* v. *Bliss*, 2 Aik. 60. *Davenport* v. *Mason*, 15 Mass. 85. 17 Mass. 249. To explain facts in relation to the consideration in a deed, parol evidence is admissible. *Beach* v. *Packard*, 10 Vt. 96. *Wood* v. *Beach*, 7 Vt. 522. *Stewart* v. *Thompson*, 3 Vt. 255. If the plaintiff had not paid the consideration in the deed, and the right to recover it depended upon the fact of his acquiring a good title, he would evidently be permitted to make the proof by parol. The case at bar is analogous. It is merely an agreement to have back the money, if the plaintiff does not acquire a good title by his deed.

The opinion of the court was delivered by

REDFIELD, J. 1. We think the evidence given in this case, to show a failure of title, was all that could be expected to come from the plaintiff. He showed, that the original title was not, upon the town records of the town where the land lay, in the defendants, and that, as far as could be ascertained, the defendants had no title of record. If, then, the defendants had any title, they alone could show it. We think this was sufficient to change the *onus* of proof.

2. If this action merely concerns the price of land, it is not a matter, which, by the statute of frauds, is required to be in writing. It has often been decided, that an action for the price of land, which had already been conveyed, might be maintained upon merely oral evidence.

3. The recitals in the deed of the amount of the consideration and the receipt of payment will not estop the party, as has been often held. These are matters, which are indeed conclusive to the extent, for which they are inserted in the deed, that is, to give effect to the deed, and no farther.

4. The fact that the plaintiff gave his note for $40,00 of the $50,00 does not appear to us to make any difference in the case. This was but a mode of payment. The testimony offered did not tend, in any sense, to contradict the note, or show that it was not to be paid, and paid according to its terms, for all that was so to be, but the entire price was, in a certain event, to be repaid.

5. If the evidence given to sustain the action was subject to any

XXIII. 63

valid legal objection, it was, that it tended to contradict the deed. The deed was in terms a mere quitclaim, or release, of the defendants' title. It is now argued, that the effect of the testimony given upon the trial of this action is to convert this deed into a warranty of title. If so, it does vary and enlarge its operation by merely oral evidence. But we are inclined to believe, such is not its fair construction. It seems to us nothing more than leaving the price to rest wholly in oral contract. If that be so, there is no more difficulty in the case, than if it had all been put in writing. It seems to have been the execution of a quitclaim deed by the defendants for the price of fifty dollars, for the whole lot, if the defendants had title to it, and in the same proportion for all they had title to. This, in principle, is precisely like a case in Windsor county, which was three times argued, and finally sustained, to recover back an over payment of the price of land sold by the acre,—there proving, upon admeasurement, to be less than was supposed at the time of sale and payment of the price. In that case the deed described the land as supposed to contain so many acres. A note was given for the price, at the agreed price by the acre, and *indebitatus assumpsit* was sustained, after the payment, to recover back the over payment.[*] That seems to us a full authority for the present case.

Judgment affirmed.