Goodspeed *v.* Fuller.

———————◆———————

## ALTON B. GOODSPEED *versus* DAVID B. FULLER.

If the defendant in a suit at law, at the request of a third person, permits him to assume the defence, upon a promise of such third person to indemnify him and pay all costs recovered against him, such a promise is not void for want of consideration.

Nor is such a promise within the statute of frauds, as being a promise to pay the debt of another person.

Nor can it be avoided on the ground of maintenance.

The only effect of the usual clause in a deed acknowledging the payment of the consideration, is to estop the grantor from alleging that the deed was executed without consideration. For every other purpose it may be explained, varied or contradicted by parol proof. If the consideration actually agreed upon has not been paid, of which the acknowledgement is only *prima facie* evidence, the grantor may recover it. If it has been overpaid by any mistake of the parties, or through any fraud of the grantor, the grantee may recover back the excess.

Upon the money counts, parol evidence was held to be admissible to prove that the defendant, for the amount expressed as the consideration in a deed, agreed to sell and convey to the plaintiff two lots of land, each for a specified price; that the plaintiff paid the defendant the full sum for both lots; and that, by mistake or fraud of the grantor, only one of the lots was conveyed by the deed. And the defendant having, upon request, refused to convey the other lot, the plaintiff recovered back the consideration paid for it with interest.

Goodspeed *v.* Fuller.

REPORTED by RICE, J., November Term, 1857.

This was an action of ASSUMPSIT. The writ contained the money counts, and also a special count upon an alleged agreement of the defendant, in consideration that the plaintiff would permit him to assume the defence of a suit pending against him, the plaintiff, in which the defendant was collaterally interested, he would indemnify the plaintiff, and pay all the costs recovered against him.

The plaintiff proved the facts alleged in this count. It appeared that the suit referred to was finally decided against the plaintiff, and that he paid the amount of the judgment for costs, being $67,71, June 28th, 1856.

Under the money counts, the plaintiff was permitted to prove that the defendant made a parol agreement to sell him two lots of land, each for a specified sum, for both of which the plaintiff paid him ; but that when the defendant gave him the deed, a nine acre lot was not embraced in it. Whether it was omitted by accident or design does not appear. But the defendant afterwards, upon request, refused to convey it, and the plaintiff claimed to recover back the sum paid for it, with interest. The evidence admitted was seasonably objected to by defendant.

The other facts in the case sufficiently appear in the opinion of the Court.

*Libbey,* for the plaintiff, argued, that the defendant was clearly liable for the money paid for the land that was not embraced in the deed. He had agreed to give the plaintiff a deed of it, and, when he delivered the deed to plaintiff, he assured the plaintiff that both parcels of the land were embraced in the deed. And, when the plaintiff afterwards discovered that the nine acre lot had not been conveyed to him, he requested the defendant to give him a deed of it, which he neglects to do, and refuses to return to plaintiff the money paid for it. The plaintiff is entitled to recover back the money with interest.

The plaintiff is also entitled to recover the amount he has been compelled to pay to discharge the judgment against him

Goodspeed *v.* Fuller.

for costs in the Spaulding suit. The defendant was the party interested in defending that suit, and assumed the defence of it. It has been repeatedly held, that when the party in interest commences and prosecutes a suit in the name of a third party, for his own benefit, such party is liable to the plaintiff of record for all costs that may be recovered against him. And there is no difference in principle, whether it be the prosecution, or the defence of the suit, that is assumed by the party in interest.

*Bradbury, Morrill & Meserve,* for the defendant, made the following points : —

1. The plaintiff seeks to recover for the breach of contract for the sale of lands. That contract not having been in writing, the action cannot be maintained. R. S., c. 111, § 1.

2. That the whole consideration was for the parcel of land actually conveyed, conclusively appears by the deed, which the defendant himself put into the case. He cannot contradict it by parol testimony.

3. The plaintiff's remedy for the costs paid by him in the suit of Spaulding against himself, was against Elliot, upon his covenants of warranty in the deed of the land in controversy.

The promise of the defendant to pay said costs was without consideration. And, if not, it was within the statute of frauds, being a promise to answer for the debt or default of another. Not having been in writing, no action can be maintained upon it.

The opinion of the Court was delivered by

APPLETON, J.—It appears from the evidence, that the defendant verbally contracted with the plaintiff, to sell and convey to him several tracts of land, among which was the west half of the Plummer lot, so called ;— that subsequently, at the instance of the defendant, he assigning as a reason, that he might be a witness in case any controversy should arise as to the title, it was agreed between the parties, that the conveyance of the west half of the Plummer lot should be

made by one Robert Elliot;—that, accordingly, the defendant procured the deed of Elliot and delivered the same to the plaintiff, who paid him the consideration expressed therein for the land conveyed. It appeared in proof that the plaintiff had nothing to do with Elliot in the negotiation, but that his contract was with the defendant alone.

After the plaintiff received his deed and entered into possession, one Union Spaulding brought an action of ejectment against him, to recover possession of the premises conveyed by Elliot. The plaintiff having received his summons, being doubtful of the title and to avoid cost, was about to settle with Spaulding, when the defendant, who was legally or equitably interested in the title, learning from him what he proposed doing, in consideration that he would permit him to assume the defence of the suit commenced by Spaulding, promised to save him harmless from, and to pay all the costs arising, or which might arise in the prosecution of the defence. The plaintiff thereupon gave the defendant the summons he had received, who immediately retained counsel and assumed the entire management and control of the defence, without any interference whatever on the part of the plaintiff, who, relying on the agreement made with the defendant, neglected to notify Elliot of the suit brought against him. The defence proved unsuccessful. *Spaulding* v. *Goodspeed*, 39 Maine, 564. Judgment was rendered for possession of the premises demanded and for costs against the plaintiff, which he has paid, and this action is brought to recover the amount thus paid, and interest thereon.

Any consideration, however small, in the absence of fraud, is sufficient to support a promise. It may arise from a benefit to the promisor, or a loss or injury to the promisee. Mere inadequacy of consideration, when there is no fraud nor circumvention, affords no ground for vacating a contract. " It is not essential," remarks PUTNAM, J., in *Hubbard* v. *Coolidge*, 1 Met. 93, " that the consideration should be adequate in point of actual value." The question, whether the consideration should be equal in value to that which the party gives

up, or loses by the restraint under which he places himself, arose in *Hitchcock* v. *Coker*, 6 Add. & Ell. 438. On this subject, TINDALL, C. J., remarks, "it is enough, as it appears to us, that there actually is *a* consideration for the bargain, and that such consideration is legal and is of some value." In *Bambridge* v. *Firmston*, 1 P. & Dav. 2, the declaration stated, that, in consideration plaintiff would, at the defendant's request, permit the latter to weigh certain boilers of the plaintiff, the defendant promised to give them up to the plaintiff in the same condition as they were in at the time of such consent; it was held, on motion in arrest of judgment, that there was a sufficient consideration stated; and Lord DENMAN, C. J., observed, "we must not inquire into the nature of the benefit derived to the defendant. The plaintiff may have sustained some injury by complying with the defendant's request, and that is enough after verdict."

The permission for the defendant to assume and manage the defence in the suit, *Spaulding* v. *Goodspeed*, and his assumption and management of the same, (if there is no rule of law forbidding it,) is a sufficient consideration for his promise to save the plaintiff harmless from, and to pay all costs which he therein incurred. It was held, in *Knight* v. *Sawin*, 6 Greenl. 361, when one requested permission to bring an action for his own benefit, in the name of another, against a third person, to recover a debt supposed to be due, promising to indemnify the nominal plaintiff against all damages, that such promise was valid and binding, being neither against good morals nor public policy, nor within the statute of frauds. " Considering the motives of the plaintiff in the transaction," says MELLEN, C. J., in delivering the opinion of the Court, " the defence is made with an ill grace by the very man, who has been the cause of all the unpleasant consequences which have followed." But it is immaterial whether the permission be to commence a suit or to defend one already commenced. In *Adams* v. *Dansey*, 6 Bing. 506, the plaintiff, an occupier of land, at the request of defendant and upon a promise of indemnity, resisted a suit of the vicar for tithes. There was

held to be a sufficient consideration for the promise, " for the vicar's claim had been resisted at the instance of the defendant, and the plaintiff was at that time liable if the plaintiff should succeed." " The plaintiff," remarks BOSANQUET, J., " on allowing his name to be used for the purposes of the defendant, was at liberty to impose such terms as he pleased, either as to the past or the future cost, and the debt for which he stipulated was his own debt and not that of a third person."

The contract, in such case, is not within the statute of frauds, as being a promise to pay " for the debt, default, or miscarriage of another person;" for, as TINDALL, C. J., remarks, in the case last cited, " what promise is there as to the debt, default, or miscarriage of another? It is a direct promise to repay Adams any money which he might pay for costs in the suit between the vicar and Adams." So, in the present case, the promise of the defendant is an original and not a collateral undertaking. *Knight* v. *Sawin*, 6 Greenl. 361.

Neither can the defendant avoid the contract on the ground of maintenance. *Knight* v. *Sawin*, 6 Greenl. 361. " Surely," remarks Lord ABINGER, C. B., in *Fendon* v. *Parker*, 11 Mees. & Wels. 675, " the old cases are now exploded. The sole question is, have the parties an interest, or do they believe they have an interest in the action." The rule seems to be, that if a party has the most remote interest he may lawfully interfere. The defence, in the case of *Fendon* v. *Parker*, rested upon grounds somewhat similar, in point of integrity, with those upon which the defendant relies to avoid the performance of his contract. The language of the Chief Baron, in delivering the opinion, is not without its application. " If," says he, " any ground can be fairly suggested for making this contract legal, we ought to adopt it in favor of the party who makes the defence, in order to acquit him of the imputation he casts upon himself." And ROLFE, B., remarks, " the only hesitation I have had in the case, has arisen from the fear, that the indignation one feels at so unrighteous a defence as the present, might lead me into bending the law

more than ought to be done. But I think the law appears to concur with the honesty of the case. * * Any lawful construction must be placed upon the agreement, rather than one that renders it criminal."

The defendant is legally as well as morally liable upon his contract, to indemnify the plaintiff against costs caused by his unsuccessful prosecution of a defence, which he assumed for his own benefit, and which, at his urgent solicitation, the plaintiff permitted him to undertake.

The plaintiff further shows that the defendant verbally agreed to sell him two lots of land, each at a specified price; and that he paid for both, but that the defendant omitted one, the nine acre lot, in his deed. He seeks, therefore, to recover so much of the consideration in the deed as is equal to the agreed price of the lot omitted.

The proof shows that the plaintiff is very illiterate, that the deed was not read to him, and that he cannot read writing much; that, after the delivery of the deed, the defendant informed plaintiff that his deed did not cover the nine acre lot; that he promised to convey the same the first opportunity, and that subsequently he offered to compromise the matter by a repayment of 'part of the money thus received.

It is obvious that the plaintiff cannot recover upon the original contract to convey both lots, because, not being in writing, it is within the statute of frauds.

Neither can he recover upon the covenants in his deed, for they apply only to the premises specifically described in his deed.

If the evidence offered was properly received, it most conclusively shows that the defendant has in his hands the money of the plaintiff, which he is unjustly retaining, without a pretence of any right.

It is material, then, to be considered, whether evidence is admissible to show what was the true consideration for the land conveyed by the defendant to the plaintiff.

The only effect of the consideration clause in a deed, is to estop the grantor from alleging that it was executed without

consideration, and to prevent a resulting trust in the grantor. For every other purpose, it may be varied or explained by parol proof. The grantor may show, notwithstanding the acknowledgement of payment, that no money was paid, and recover the price in whole or in part against the grantee. *Wilkinson* v. *Scott,* 17 Mass. 249. This clause is *prima facie* evidence only of payment, and may be controlled or rebutted by other proof. *Clapp* v. *Tirrell,* 20 Pick. 247. The recitals in the deed, of the amount and payment of consideration, do not estop the grantee from sustaining an action for the price. *Thayer* v. *Viles,* 23 Verm. 494; *White* v. *Miller,* 22 Verm. 380. "This clause is either formal or nominal," says DAGGET, J., in *Belden* v. *Seymour,* 8 Conn. 304, "and not designed to fix conclusively the amount either paid or to be paid." The amount of consideration, and its receipt, is open to explanation by parol proof in every direction. It may be shown that the price of the land was less than the consideration expressed in the deed, as in *Bowen* v. *Bell,* 20 Johns. 338, or that it was more, as in *Belden* v. *Seymour,* 8 Conn. 304, or that it was contingent, dependent upon the price the grantee may obtain upon a resale of the land, as in *Hall* v. *Hall,* 8 N. H., 129, or that it was in iron, when the deed expressed a money· consideration, as in *McCrea* v. *Purmatt,* 16 Wend. 460, or that no money was paid, but that it was an advancement, as in *Meeker* v. *Meeker,* 16 Conn. 387, or that a portion of the price was to be paid by the grantee, and the balance was an advancement, as in *Hayden* v. *Mentzler,* 10 S. & R., 329, or that it was paid by some one other than the grantee, and thus raise a resulting trust, as in *Scoby* v. *Blanchard,* 3 N. H. 170. *Pritchard* v. *Brown,* 4 N. H. 397; *Dudley* v. *Bosworth,* 10 Humph. 9. The damages for the breach of the covenants in a deed may be increased or diminished, as between the parties, by proof of a greater or less price paid for· the land, than is expressed in the deed. *Belden* v. *Seymour,* 8 Conn. 304; *Morse* v. *Shattuck,* 4 N. H. 229. The entire weight of authority tends to show that the acknowledgement of payment in a deed is open to unlimited explanation in every direction.

When the price of the land has not been paid, the grantee may recover it in whole or in part, as the case may be, in assumpsit, notwithstanding the acknowledgement of payment in the deed.

In this State, in the case of *Dearborn* v. *Parks*, 5 Greenl. 81, evidence was received to show that the grantee retained in his hands a portion of the consideration, sufficient to meet certain outstanding notes of his grantor; and, upon this proof, the payee was held entitled to recover such amount from his, the grantee's, hands. In *Schillinger* v. *M'Cann*, 6 Greenl. 364, it was decided, that the acknowledgement of payment of the consideration money in a deed, did not estop the grantor from showing that a part of the money was left in the hands of the grantee, to be applied to the grantor's use. In *Burbank* v. *Gould*, 15 Maine, 118, it was held, that the acknowledgement in a deed did not preclude the grantor from showing, by parol testimony, that a part of the money was left in the grantee's hands, to be by him paid to a third person, for the benefit of the grantor. So, other consideration than that expressed in the deed may be shown. *Emmons* v. *Littlefield*, 13 Maine, 233. An agreement, made by the grantee, at the time of the sale and conveyance of land, to pay a sum additional to that expressed in the deed is valid, and the sum thus agreed to be paid may be recovered in an action of assumpsit. *Nickerson* v. *Saunders*, 36 Maine, 413.

But, if parol evidence be receivable, it is equally so at the instance of the grantee as the grantor. If the character or amount of the consideration may be shown by proofs without the deed, those proofs are equally open to both parties.

The evidence, therefore, offered was properly received, and, being in the case, it establishes, most conclusively, that the defendant holds in his hands the price of the nine acre lot, without any consideration therefor. If he were willing to convey the land, for which he received it, the plaintiff would not be entitled to recover. *Coughlin* v. *Knowles*, 7 Met. 57. But such is not the case. The defendant, though requested,

has refused to deed the lot omitted, and for which he has received the price.³ If, then, he retains the money, it will be the successful consummation of a fraud which he deliberately committed, or the consequence of a mistake which he is unwilling to rectify.   But on neither of these grounds can he retain it.   The law cannot be so distorted as to become the participant of such dishonesty.   The defence is as devoid of law as it is destitute of common honesty.

*Defendant defaulted.*

TENNEY, C. J., and RICE, HATHAWAY, MAY, and DAVIS, J. J., concurred.