Schmidt Co., the defendants, who at the time were importers of wines and liquors, doing business in the city of New York, on the 20th day of March, 1867, proposed to the plaintiff, a dealer in the same articles in that city, that he should purchase from them such goods as he should require in his business. An arrangement was finally made between them that the plaintiff should from time to time order such wines and liquors from the defendants as he chose, and that the price should be the subject of an express or implied agreement at the time the orders were made. The referee found that in addition there was an express promise and representation, by Schmidt Co. to the plaintiff, made at the same time and which was *Page 255 
accepted by him, that whenever they complied with any order of the plaintiff they would sell him the goods so ordered at a price as low as the price at which they sold goods of the same description to any other dealer in wines and liquors in the city. Within a few days thereafter the parties commenced dealing with each other on the basis of the arrangement thus made, and the dealings continued about two years, during which time purchases were made by the plaintiff of Schmidt Co. amounting in the aggregate to the sum of about $25,000. With a very few exceptions the sales were for cash. They were effected by means of orders given by the plaintiff to Schmidt Co. for a specified quantity and description of goods, and the prices were fixed by reference to printed price lists furnished by the defendants, and they from time to time, during the course of the business, represented to the plaintiff that the prices thus ascertained were as low as those at which they sold the same description of goods to any other dealer. The plaintiff accepted and paid for the goods, relying upon the promise and representation referred to, and in ignorance of the fact subsequently discovered by him, that during the whole time Schmidt Co. were selling the same kind of goods to other dealers in the city at a lower price than they charged the plaintiff therefor. This action is brought to recover this difference as an overcharge made by Schmidt Co. in violation of the agreement between the parties.
It is claimed by the counsel for the defendants that the arrangement made on the twentieth of March did not create any valid contract between the parties, or impose upon either any legal obligation. This is clearly so. The plaintiff did not agree to purchase wines or liquors of Schmidt Co., nor did they agree to sell the plaintiff or comply with any orders he might draw upon them. Either party was at liberty to decline to enter upon the contemplated dealing. The plaintiff might refuse to buy of Schmidt Co., or they might refuse to sell him, and no action could be maintained against the party refusing by the other. Moreover, the amount and *Page 256 
description of goods to be purchased by the plaintiff, and sold by the defendants, were left wholly indefinite and uncertain, and, for this independent reason, the arrangement had no legal validity. But however imperfect and incomplete, as a legal obligation, this agreement might have been when it was made, if the parties subsequently acted upon it, and purchases and sales were made in reference to it, it became, as to such transactions and dealings, the contract between them, and was no longer subject to objection for uncertainty or want of consideration. It was made certain by the act of the parties, and the purchase of goods by the plaintiff, of Schmidt Co., in compliance with their request, furnished a good consideration for their promise to sell them at the lowest price. The provision in the contract that Schmidt Co. would sell the plaintiff at as low a price as they sold to other dealers, was a distinct and independent part of the agreement, and was plainly a material inducement offered to the plaintiff to secure his patronage and trade. This is not the case of a representation of a fact collateral to the contract, and not forming a part of it, made at the time of the sale, and which, if untrue, would give only a right of action for damages for deceit, but it was made in advance of the dealings, and was a substantive and material part of the contract, and was designed to secure to the plaintiff equal advantages with other dealers in the same business, in the purchase of goods from the defendants. Schmidt Co., as the referee has found, violated their agreement, and, one of the answers made to the plaintiff's claim to recover back the overcharge, is, that the prices paid by him were fixed and agreed upon by the parties when the sales were made. It was, doubtless, competent for the parties to abandon the arrangement originally proposed, and to deal with each other upon a different basis, and, if this had been done, and the prices paid were agreed upon without reference to the first agreement, the plaintiff is remediless. But that there was no intention on the part of the plaintiff to deal upon any terms, other than those originally proposed, is found by the referee, *Page 257 
and that the defendants so understood, is apparent from the fact also found by the referee, that they repeatedly assured the plaintiff that the prices charged were in accordance with the original arrangement. The course of the dealing made it necessary that the price of the goods should be fixed at the time of the sale. The sales were mainly cash sales, and payment could only be made after the price had been ascertained. The assent of the plaintiff to pay the prices specified, was obtained upon the assurance of Schmidt Co., that they were fixed in pursuance of the contract. That this was untrue was known to them, but not to the plaintiff. The plaintiff, under these circumstances, did not, by assenting to pay the prices named, preclude himself from resorting to the contract, and the law, we think, in an action brought by Schmidt Co. to recover the price of the goods, if no payment had been made, would restrict the recovery to the lowest price charged to other dealers, and will permit the plaintiff, who has paid for them in ignorance of the fraud, to maintain an action ex contractu, to recover the sum wrongfully exacted from him. The law will imply a promise, on the part of the defendants, to restore the money thus inequitably obtained, and which was paid by the plaintiff under a mistake of fact, and received by the defendants, knowing that they were not entitled to it. (Schwinger v. Hickock, 53 N.Y., 286.)
The judgment should be reversed, and a new trial ordered, with costs to abide the event.
All concur, except GROVER, J., dissenting.
Judgment reversed. *Page 258