### WILLIAM ARNOLD *vs.* SEBASTIAN GARST.

A. agreed to sell B. a lot of land for ten cents less per square foot than A. had paid for it. The sale was made, and afterwards B. brought *assumpsit* against A. to recover an excess of money paid, claiming that A. had charged and received from B., and B. had in fact paid to A., the same price per square foot as A. had paid for the land. The agreements between A. and B. were oral.

*Held*, that B.'s testimony as to the contract with A. was admissible in his action against A., and was not excluded by the Statute of Frauds. The terms of the contract were offered in evidence, not to fix a liability under the contract, but to show a liability outside of it.

EXCEPTIONS to the Court of Common Pleas.

*October* 22, 1887. DURFEE, C. J. This case comes up from the Court of Common Pleas on exceptions to an order of said court nonsuiting the plaintiff. The action is *assumpsit* for money had and received. In support of the action in the court below, the plaintiff submitted testimony to show that some time in 1880 the defendant purchased of one McCrillis a lot of land in South Providence, for which he paid a price of forty cents per square foot; that afterwards, representing to the plaintiff that the lot was larger than he needed for himself and that he wanted to have the plaintiff for a neighbor, he offered to sell the plaintiff a portion of the lot at ten cents per square foot less than he had paid, and the

plaintiff accepted the offer, the contract on both sides being oral ; that the defendant conveyed to the plaintiff under the contract about six thousand square feet of land, representing to the plaintiff, who did not know what the defendant had paid, that he had paid fifty cents per foot, in consequence of which the plaintiff paid him at the rate of forty cents per foot, being ten cents per foot in excess of the price agreed. Subsequently the plaintiff, having learned how he had been deceived, brought this action to recover back such excess. The court below, having at first admitted the plaintiff's testimony *de bene esse* against the defendant's objection that it was inadmissible under the Statute of Frauds, afterwards ruled it out and nonsuited the plaintiff. The only question made at the bar is whether the testimony is inadmissible under the Statute of Frauds.

The clause of the Statute of Frauds under which the question is made is this, to wit : " No action shall be brought, whereby to charge any person upon any contract for the sale of lands, tenements, or hereditaments, . . . unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged," etc. We do not think the action here is within this clause. It was brought, not to charge the defendant on his oral contract to sell a portion of his land for ten cents less per square foot than he paid for it, but to charge him on an implied contract to refund the money which, in consequence of his misrepresentation, the plaintiff paid to him in excess of the contract price. The terms of the contract were offered in proof, not to show a liability under the contract, but merely as evidence to show, in connection with other evidence, a liability outside of it, and as such was admissible. Browne on the Statute of Frauds, 4th ed. §§ 124, 125 ; *Goodspeed* v. *Fuller*, 46 Me. 141. See, also, 1 Chitty on Contracts, 11th Am. ed. 422, note i[1].

The plaintiff cites *Holtz* v. *Schmidt*, 59 N. Y. 253, to show that *assumpsit* for money had and received will lie for the recovery of money paid in consequence of fraud or mistake in excess of what was agreed to be paid. We do not understand that any question is made on that point.      *Exceptions sustained.*

*Edward D. Bassett & Frederic Hayes,* for plaintiff.