FECHHEIMER ET AL. v. TROUNSTINE.

PAROL EVIDENCE TO CONTRADICT CONSIDERATION OF WRITTEN INSTRU-
MENT.— As a general rule the consideration recited in an instrument under seal, as well as in a simple receipt, is *prima facie* evidence only, and may be controlled or rebutted by parol proof.

*Error to District Court of Arapahoe County.*

Messrs. MORRISON & KOHN and BROWNE & PUTNAM, for plaintiffs in error.

Messrs. SHAW & DENNISON, for defendant in error.

MR. JUSTICE HAYT delivered the opinion of the court.

The defendant in error, Mollie E. Trounstine, brought an action in the district court of Arapahoe county against Marcus Fechheimer and others, plaintiffs in error; and in her amended complaint alleged that she had sold to them a certain claim against the firm of A. Jacobs & Co., of Denver, amounting to $4,050.66, upon which claim she had brought suit in the superior court, and which suit was at that time pending and undetermined. It is also alleged in the pleading that the plaintiffs in error agreed to pay her for said claim " a sum equal to the amount of the claim as soon as the sum of $30,000 should be realized by them out of certain property which had been attached and levied upon in other suits as the property of A. Jacobs & Co." It is further alleged that the plaintiffs in error had realized more than the sum of $30,000 from the sale of the property so attached, and that therefore the claim of the defendant in error, by the terms of her agreement as aforesaid with plaintiff in error, had become due.

In the answer the following, among other defenses, are set up: (1) The making of the contract set out in the complaint is denied. (2) It is alleged that the defendant in error, by her certain writing under seal, for value therein confessed and acknowledged to have been received, did sell and assign to plaintiffs in error all her right, title and interest in her claim against A. Jacobs & Co., and the judgment to be obtained thereon, setting out a copy of the assignment, and that this was the same sale referred to in the amended complaint.

A replication was filed to this second defense, in which it is admitted that the assignment of the claim against A. Jacobs & Co. was in writing as therein alleged, and that this is the sale, transfer and assignment mentioned in the complaint. But in this pleading defendant in error denied that she had received the value as acknowledged in said instrument of writing, or that she received any considera-

tion whatever for said assignment; and she also denies that she was to receive no other or different consideration for said sale, transfer and assignment than that mentioned in said instrument of writing; and avers that she was to receive therefor the amount stated in the complaint as per the agreement therein alleged. To this replication a general demurrer was interposed and overruled, and plaintiffs in error, having duly excepted, now seek to have the final judgment of the trial court reversed for this and other alleged erroneous rulings.

The bill of exceptions in this case having been stricken from the files for the reason that it was not authenticated in apt time by the judge who presided at the trial, no assignment of error that is not predicated upon the record proper can be considered. *Fechheimer v. Trounsteine*, 12 Colo. 282.

Thus we have eliminated from our consideration everything except the action of the court in overruling the defendants' demurrer to that part of the replication which is directed to the second defense. The question raised may be stated as follows: Is the recital of consideration, and its receipt in the written assignment, conclusive upon the parties, or is the amount of the consideration and its payment open to parol proof notwithstanding such recitals? It is now firmly established that such recitals stand upon a distinct basis, and are merely *prima facie* evidence against the party making them. They are like ordinary receipts which are open to explanation by parol. This question has been frequently before the courts, and the rule in favor of the admissibility of such evidence is now well settled. That this is true of ordinary receipts for money, there can be no doubt. This is said by Dr. Wharton to be " a necessary consequent of the informality of such instruments." 2 Whart, Ev. § 1064. The same rule has been applied in many cases to the consideration clause in a deed under seal. See *Wilkinson v. Scott*, 17 Mass. 249; *Clapp v. Tirrell*, 20 Pick. 247; *Thayer v. Viles*, 23 Vt. 494; *White v. Miller*, 22 Vt. 380;

*Belden v. Seymour*, 8 Conn. 304; *Bowen v. Bell*, 20 Johns. 338; *Bassett v. Bassett*, 55 Me. 127.

In *Wilkinson v. Scott, supra*, it was held that a receipt was always open to explanation, and the fact that it was under seal did not change the rule; and, although a grantor was estopped by his deed to deny that he granted or that he had a good title to the estate conveyed, yet he was not bound by the consideration expressed; but that the real consideration might be proven.

In *Clapp v. Tirrell, supra*, it was held that the consideration expressed was only *prima facie* evidence of payment, and that it might be controlled and rebutted by proof. And in *Thayer v. Viles, supra*, it was held that the recitals in a deed of the amount of the consideration and its receipt will not estop a party from sustaining an action for the price. In *White v. Miller, supra*, it was decided that such recitals were subject to explanation. In *Belden v. Seymour, supra*, it was said: "The only operation of the clause in a deed regarding the consideration is to prevent a resulting trust in the grantor, and to estop him forever to deny the deed for the uses therein mentioned."

We deem further reference to authorities unnecessary. It is sufficient to say that it is clearly established by the great weight of authority that, as a general rule, the consideration in an instrument under seal, as well as in a simple receipt, may be explained by parol evidence. No reason for making this case an exception has been pointed out, and we know of none. The ruling upon the demurrer was correct, and the judgment of the district court must be affirmed.

*Affirmed.*