WILLIAMS, J.
—A contract will not be adjudged to have been illegal when it is capable of a construction which will render it valid. The law will not presume that a contract was made with intent to violate the law, nor is it enough to vitiate a contract that a suspicion or probability of an unlawful intent arises from the contract itself. Lorillard v. Clyde, 86 N. Y. 384 It seems to us that it cannot be said, from an examination of this contract, in the absence of evidence with reference to the circumstances surrounding its execution, the character and business of the parties, and the manner in which the parties conducted the business under the contract, that the intent of the parties was to violate the law in any of the respects claimed by the defendants. It cannot be said that the design was to restrict the manufacture and sale of envelopes, because the plaintiff was in no way restricted in the quantity he should manufacture or sell. It cannot be said that the defendants were in any way restricted in the manufacture or sale of envelopes. Indeed, it does not appear that they were engaged in the manufacture of envelopes at all, or to what extent, before or after the contract was made. It cannot be said that there was any illegal combination to fix or maintain the prices of envelopes. All agreements to fix and maintain the prices of commodities are not illegal. It does not appear that the prices of any envelopes except those manufactured by the plaintiff were to be fixed or maintained under the contract. It was provided that the defendants would purchase a certain quantity of the envelopes manufactured by plaintiff, at certain prices to' be fixed by the Standard Envelope Co., which company was under the control of the defendants, and that the plaintiff should not sell to other parties for any less price; but this, alone, was not illegal. Iloltz v. Schmidt, 59 N. Y. 253. It is claimed that the fifteenth clause in the contract restrained the defendants from a sale of the envelopes manufactured by them at any lower price, but, as before stated, it does not appear that the defendants manufactured any envelopes, or to what extent they so manufactured them. This clause, moreover, is vague and uncertain, and there is doubt as to the intention of the parties in the language used. Evidence is needed outside the contract to explain its meaning and show what the parties intended by it. "We cannot say, from the language of the contract itself, that it contains any unlawful agreement between the parties to fix or maintain the prices at which envelopes should be bought or sold. For some years after the contract was made the parties carried on business under and pursuant to its terms. It does not appear Avhat the character of the business so carried on Avas, or Avhether such business indicated an unlawful intent or not. When all the facts shall have been brought out upon the trial of the *768 case, the court will be able to determine, in view of the acts of .the parties in making the contract - and carrying it out, as to its legality. "We do,not feel at liberty, from a mere examination of the contract itself, and from a consideration of such facts as are alleged in the complaint which are deemed established, for the purpose of .this demurrer, to construe the contract so as to hold it illegal for any of the reasons claimed on the part of the defendants.
Our. conclusion is that the judgment should be affirmed,with costs, with leave to the defendants to answer upon the usual terms.
All concur.