JUDGE LINDSAY
delivered the ormioir or the court.
Dr. Z. Cushing died intestate in Kenton County on the 26th of February, 1869, leaving a widow, Ann W. Cushing, and six children. On the 19th of February, 1870, Edward N. Cushing, one of the children, brought a suit in equity in the Kenton Circuit Court, making the widow of his father and J. D. Sheets, who it seems had jointly administered upon his estate, as well as his five brothers and sisters, parties defendant. He claimed that his father died seized of a large estate, real and personal, and asked that the personal representatives of his said father be required to settle, and for a distribution of the personal assets in their hands and a partition *261 of the real estate. One of the defendants, J. T. Cushing, answered and joined in the prayer of the petition. The infant defendants answered by their guardians ad litem, and the widow and two adult sisters filed their joint answer, denying that either Edward N. or J. T. Cushing had any interest whatever either in the personal or real estate left by the decedent, because they said that prior to the 9th day of April, 1864, their said father had advanced to them at various times and in various ways large amounts of money and property, and on that day, at their express request, he advanced to each of them the further sum of two thousand dollars; and that “ it was then agreed by and between decedent and each of his said sons, who were both of full age, that the sums then advanced, together with advancements, theretofore made to them, constituted their full and proper share of his estate;” and that in consideration of the same they executed to decedent their separate receipts in these words: “Received, Covington, Ky., April 9, 1864, of my father, Dr. Z. Cushing, two thousand dollars, which I freely accept as my full proportion of his estate, and I hereby bind myself, my heirs, executors, administrators, and assigns, never to set up any claim against him or his estate.”
They charged further that the estate of the decedent was as valuable on the said 9th day of April, 1864, as it was at the time of his death, or as it then was, and they prayed that the adjustment then made should not be disturbed. To the first paragraph of this answer (which set up the foregoing facts) appellant demurred. His demurrer wás overruled, and he “ electing to stand by his demurrer,” his petition was dismissed, and from the judgment dismissing the same he has appealed. It is insisted that the Receipts relied upon were at most but the assignments of expectancies; that the parties executing the same had no right in being, vested or contingent, and therefore nothing capable of being either assigned or released; and *262 further, that if such contracts or agreements are upheld by the courts, the effect will be to enable persons to set aside the laws of the state regulating descent and distribution without availing themselves of their right to dispose of their estate by will. And in support of this position we are referred to numerous authorities. In this case, however, we do not deem it necessary to decide this question.
Here the plaintiff seeks a distribution of the personal and a partition of the real estate of his ancestor in accordance with the statutes regulating the same. By adhering to his demurrer he admits the execution of the receipt relied upon; admits the reception of the two thousand dollars on the day of the date of said receipt, and that the same, together with previous advancements, amounted to his full proportion of the estate owned by his father at'that time; and also that his said father’s estate was then as valuable as it was at the time of his death, or at the time the answer was filed. Under section 17, chapter SO, of the Revised Statutes, he was chargeable with all real or personal property, or money given to him by his father, and could receive nothing further from his estate “until the other descendants” were “made proportionately equal with him according to his descendible and distributable share of the whole estate, real and personal.”’ He stated in his receipt that he freely accepted the last advancement as his “full proportion of the estate;” and, having received his full proportion, he was entitled to nothing further therefrom. Hence, having no interest in the estate, he had no right to demand a division of the lands, or a distribution of the personalty. He was entitled to no character of relief, and his petition was properly dismissed, and the judgment dismissing the same is affirmed.