ISAIAH P. SMITH and another *vs.* HENRY SMITH.
Same *vs.* RUTH SMITH and others.

*Advancement—what is.*

In 1833, a father, by deed of warranty, conveyed to his son certain land of the full value of five hundred dollars, receiving back a writing therein acknowledging the receipt from his father of·five hundred dollars as the full share of all his father's estate, and relinquishing all his right, title, and interest in and under his father's estate at the latter's decease, which he should otherwise have had. The father in April and the son in the following November died intestate. In a real action, brought by the children and sole heirs of the son, to recover their distributive share of their grandfather's estate, *Held,* that the conveyance was an advancement in full to the son, and that the grandchildren were barred.

ON REPORT.

WRIT OF ENTRY wherein the plaintiffs demand one-sixth part of the premises referred to in the writ.

The premises were owned by one Isaiah Smith at the time of his death, intestate, April 14, 1846. The defendant is one of six children left by said Isaiah, and was in possession of the premises, claiming title to so much as he had not disclaimed.

Perley D. Smith, another of the children of Isaiah, died intestate in November, 1846, leaving the plaintiffs as his sole heirs, who were entitled to recover so much of the premises as had been disclaimed subject to betterments, unless the following facts, the proof of which was offered by the defendants, are admissible and constitute a good defense.

That on June 19, 1833, Isaiah Smith, the father of Perley D. Smith, conveyed, by deed of warranty to Perley, certain real estate therein described; that at the time of the conveyance, the consideration of which was seven hundred dollars, the parties verbally agreed that the full share of Perley D. Smith in the estate of his father, Isaiah, was and would be five hundred dollars; that Perley should receive the land named in the deed as an advancement in full of the right, title, and interest of Perley in the estate of his father at the time of the latter's decease; that the land was worth seven hundred dollars; that it was verbally agreed between the parties at the time of the execution and delivery of the deed, that Perley should pay his father the sum of two hundred dollars, and in consideration of the balance of five hundred dollars, Perley should execute a relinquishment of all claim to the estate of his father, he having received his full share thereof; that in furtherance of this agreement, on Dec. 20, 1833, Perley executed and delivered to his father a writing of the following tenor: "Know all men by these presents, that I, Perley D. Smith, have received of my father, Isaiah Smith, five hundred dollars, being my full share of all his estate,—meaning and intending to relinquish all my right, title, and interest in and under his estate at his decease, which I should otherwise have had;" that the sum of five hundred dollars was the full value of the share Perley would have received out of his father's estate, had no advancement been made to him, and was the full share of Perley in his father's estate at the time of his father's decease; that the said sum was knowingly and with the full consent of Perley received by him as an advancement out of his father's estate, and intended by him and his father to be in full of his share in his father's estate; and that the five hundred dollars mentioned in the foregoing paper were real estate conveyed as aforesaid.

If the testimony offered was admissible and would constitute a defense, the case to stand for trial.

*Davis & Drummond*, for the plaintiffs.

*A. A. Strout*, for the defendants, cited Public Laws of 1821, c. 51, § 40 ; *Bulkeley* v. *Noble*, 2 Pick. 337 ; *Hall* v. *Davis*, 3 Pick. 450 ; *Hartwell* v. *Rice*, 1 Gray, 587 ; *Quarles* v. *Quarles*, 4 Mass. 679 ; *Keney* v. *Tucker*, 8 Mass. 143.

APPLETON, C. J.   The facts offered to be proved would constitute a perfect defense.   *Quarles* v. *Quarles*, 4 Mass. 680.   The ancestor of the demandants, in 1833, received his "full share" of all his father's estate, and acknowledged the same in writing, and relinquished all his "right, title, and interest in and under his estate at his decease, which he (I) should otherwise have had."   The sum thus received was his share of his father's estate, both at the date of its reception as well as at that of his death.   He had received all he could in any way be entitled legally or equitably to receive from the paternal estate.

By stat. 1821, c. 51, § 40, advancements may be made of real or personal estate, and they may be proved by the acknowledgment, in writing, of the child to whom made, as in the case under consideration.

The contract was one the parties were competent to make, and when made it was as binding on them as any other.   *Nesmith* v. *Dinsmoor*, 17 N. H. 515.   By it the ancestor of the demandants received his full share of all his father's estate.   About thirty-eight years have passed since the advance was made and was received in full of the recipient's share.   Twenty-five years have elapsed since the death of the demandants' father.   The estates of the father and grandfather of the demandants have long ago been settled.   The parties interested and their heirs have acquiesced in this arrangement during the long period which has elapsed since it was made.   No legal or equitable reason is perceived for disturbing it.                                    *By the agreement of parties*
                                          *the case is to stand for trial.*

CUTTING, KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.