## J. J. ROGERS v. I. MAYER ET AL.

HUSBAND AND WIFE. *Advancement. Separate estate.*

A husband who used the proceeds of a note, given to his wife by her father in 1861 soon after her marriage, in purchasing land in his own name, became her debtor ; and after her death, he, in 1879, could as against his creditors convey all his real estate to a trustee to discharge the debt to the extent of her children's interest in her estate.

APPEAL from the Chancery Court of Monroe County.

Hon. L. HAUGHTON, Chancellor.

The appellant, trustee for the infant children of Martha L. Jamison, filed this bill to enjoin the execution of judgments obtained in the spring of 1879, by the appellees against her husband, alleging that soon after her marriage, her father, J. A. Walker, in 1861, gave her a note due him from William C. Coopwood, who paid the same to her husband in land, which he sold and used the money, and that after her death in 1868, J. T. Jamison, her husband, conveyed to the appellant on Jan. 27, 1879, shortly before the rendition of the judgments all his real estate to discharge the debt which he thus owed her children. Creditors' answers denied this debt, but the evidence sustained the bill, yet the Chancellor decreed for the defendants.

*R. Davis*, for the appellant.

Although J. T. Jamison received and used the note, it was not his. Under the married woman's law, this note belonged to his wife, and its proceeds were due to her children. The debtor could prefer any class of creditors, and, under the legal presumption of an advancement, she, and after her death, her children, were creditors.

*Murphy, Sykes & Bristow*, for the appellees.

When a father-in-law delivers property to a son-in-law, there is no presumption of law that the gift was meant to be made to the daughter. She may be charged with it, on hotchpot, as an advancement out of her father's estate, but the absolute title is in the son-in-law. *Bridgers* v. *Hutchins*, 11 Ired. 68 ; *M'Caw* v. *Blewit*, 2 McCord Ch. 90 ; *West* v. *Bolton*, 23 Ga. 531 ;

*Cleaver* v. *Kirk*, 3 Met. (Ky.), 270 ; *Needles* v. *Needles*, 7 Ohio St. 432 ; *Dittoe* v. *Cluney*, 22 Ohio St. 436.

COOPER, J., delivered the opinion of the court.

The delivery by J. A. Walker of the note on Coopwood to J. T. Jamison, the husband of his daughter, soon after her marriage, was presumably intended by him as an advancement to the daughter ; and the use of the note by the husband in purchasing property, the title of which was taken in his own name, made him debtor to his wife to the extent that the money advanced by her father was used in the purchase. Being thus indebted to his wife, he would have had the right to convey the lands described in the bill in payment or as security for the debt. The wife having died, he was under the same obligation to her children that he had been to her, to the extent of their interest in her estate. The injunction should have been retained. The decree is reversed, and a decree directed to be entered here perpetuating the injunction.

*Decree accordingly.*