## BARHAM, administrator, *v.* McKNEELY, administrator.

A receipt under seal executed by a daughter to her father in which she acknowledges that she has received of him a specified sum as an advancement in full of her prospective share in his estate, both real and personal, at or after his death, and by which she relinquishes and forever quitclaims all her right, title and interest in his estate, is a valid and binding contract, and after the death of the father intestate, leaving other heirs and distributees, will bar and estop the daughter from claiming or taking any part of his estate in a contest with his administrator.   Quarles *v.* Quarles, 4 Mass. 680; Kenney *v.* Tucker, 8 Mass. 143; Galbraith *v.* McLain, 84 Ill. 379; Power's Appeal, 63 Pa. St. 443; Havens *v.* Thompson and Allen, 26 N. J. Eq. 383; Brands *v.* DeWitt, 44 N. J. Eq. 545, 14 Atl. Rep. 894, 6 Am. St. Rep. 909; Appeal of Summerville (Pa.), 18 Atl. Rep. 554.   And see Trull *v.* Eastman, 3 Metc. (Mass.) 121, 37 Am. Dec. 126; Curtis *v.* Curtis, 40 Me. 24, 63 Am. Dec. 651; McDonald *v.* McDonald, 5 Jones' Eq. 211; McBee *v.* Myers, 4 Bush, 356; Mastin *v.* Marlow, 65 N. Car. 695; Lee's ex'r *v.* Lee, 2 Duvall (Ky.) 134; Stover *v.* Eycleshimer, 46 Barb. 84, s. c. 3 Keyes, 620; Jenkins *v.* Stetson, 9 Allen, 128; Fitzgerald *v.* Vestal, 4 Sneed (Tenn.) 257; Lockyer *v.* Savage, 2 Strange, 947; 2 Story's Eq. Jur. §1040b; 1 Am. & Eng. Enc. of L. 830.          *Judgment reversed.*

August 23, 1892.

Heir at law.    Contract. · Advancement.    Before Judge BOYNTON.    Henry superior court.    October term, 1891.

Citation for settlement was brought on January 18, 1889, by Mrs. Mary Ann McKneely, daughter of T. T. Barham, deceased, against W. H. H. Barham, administrator of T. T. Barham. The ordinary adjudged that the plaintiff was not entitled to recover, and she appealed to the superior court. She died, and her administrator, J. W. McKneely, was made a party in her stead. The case was referred to an auditor, and to his report exceptions were filed by the defendant, the overruling of which is here assigned as error. The order of reference to the auditor directed him to ascertain and report what is the distributive share of Mrs. McKneely in the estate of T. T. Barham, treating her as entitled to a full distributive share; all questions of law being reserved for the decision of the court. The auditor found among others, the following facts:

T. T. Barham died June 12, 1883, and W. H. H. Barham was appointed administrator on August 6, 1883. The heirs at law were the widow and six children. In the lifetime of the intestate the children each received advancements, Mrs. McKneely receiving $1,366 worth of slaves, a horse worth $100 and $2,000 in money. This money is the same as that mentioned in the following paper executed under seal by Mrs. McKneely and her husband in the presence of witnesses:

"State of Georgia, Henry County : Received of T. T. Barham two thousand dollars as an advancement in full of our prospective share in his estate, both real and personal, at or after his death, and we, Mary McKneely, daughter of the said Barham, and James E. McKneely, husband of Mary McKneely, we do hereby relinquish and forever quitclaim for ourselves and our children all our rights, title and interest in the estate of the said Barham. In witness whereof we have hereunto set our hands and seals this 11th day of December, 1882."

Mrs. McKneely was permitted by the intestate to live on his land for thirty-six years without paying rent; he never charged her rent for the same, and never charged her with any of the articles mentioned in the evidence. John Barham, a son of the intestate, lived on intestate's land without paying rent; and W. H. H. and B. F. Barham, two other sons, also cultivated his land, but did so under contract to support him and his wife and look after his business. When the paper above set forth was given, Mrs. McKneely expressed satisfaction with the contract. She wanted to move to Texas, and took the $2,000 in lieu of living on the land as she had been doing, and receiving it at his death as her part of the estate. Three or four years before this suit the administrator had a settlement with the heirs other than Mrs. McKneely, taking no advancements into account. She made no demand on him for any of the estate prior to beginning the suit. The auditor did not pass upon the legal effect of the paper above set out. He found that the use by Mrs. McKneely of the intestate's land was not an advancement, and that she was entitled to a certain sum as her distributive share.

Among the exceptions to the report are, that the auditor should have charged the plaintiff with the use of the land as an advancement; that he accounts the $2,000 paid by the intestate to Mrs. McKneely as an advancement, when the receipt shows that it was in full and final settlement of all her interest in the estate, and it was error to give her any amount whatever, because this receipt and the evidence showing her satisfaction is conclusive that she has no interest therein; and that he gives her an amount to which she is not entitled, the defendant having paid out the estate before she began suit, and she having caused him to do so by giving the receipt for $2,000 in full of her prospective interest, thus making him believe (as well as by afterwards com-

municating with him) that she really disowned any further interest.

Bryan & Dicken, for plaintiff in error.

J. F. Wall and E. J. Reagan, by brief, *contra.*