FREDERICK PALMER, Appellant, *v.* MARY L. CULBERTSON et al., Respondents.

Plaintiff and the three defendants were the children and only heirs at law of P., who died intestate, owning a farm of 162 acres.   In an action for partition defendants claimed that P. in his lifetime conveyed to plaintiff's wife fifty-nine acres, then a part of the farm, three absolutely and the remainder subject to a life estate reserved by the grantor; that such conveyance was intended by P. as an advancement and as and for plaintiff's share in his father's real estate, and was accepted by the wife, with knowledge of such intent, and that plaintiff knew and acquiesced in the conveyance for such purpose.   *Held,* that parol evidence was competent to show that said deed was intended as an advancement to plaintiff; also that such an advancement could be made by the conveyance to the wife; but that it was incumbent on defendants to establish by satisfactory evidence that said conveyance was in fact made as an advancement.

The referee found that the value of the fifty-nine acres at the time of said conveyance was one-fourth of the value of the whole farm as the intes-

tate then owned it. Plaintiff's counsel claimed that the value of the life estate should have been deducted to "reach the worth of the property when given" to meet the requirements of the Revised Statutes. (1. R. S. 754, § 25.) *Held,* that the land in which the life estate was reserved must be deemed to have been given at the time of the death of the intestate, when the gift would first vest in possession.

The consideration mentioned in said deed to plaintiff's wife was $4,720. *Held,* it was to be presumed that this was inserted as the value of the land in the estimation of the parties at the time of the conveyance, and as this sum was undisputedly equal to one-fourth the value of the whole farm at the time of the conveyance, all controversy in respect to value was foreclosed by the statute. (1 R. S. 754, § 25.)

(Argued June 12, 1894; decided October 9, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 4, 1892, which affirmed a judgment in favor of defendants entered upon the report of a referee.

This was an action for partition.

Augustus Palmer died intestate in Livingston county in April, 1891, leaving four children, his only heirs at law, the plaintiff and the defendants, Mary L. Culbertson, Cynthia O. Jackson and Addie Palmer. At the time of his death he owned a farm of about 162 acres. In May, 1867, he conveyed to the wife of the plaintiff 59 acres of land, which, with the 162 lying in one body, then constituted his farm. He conveyed three acres of the 59 absolutely and in the remainder he reserved a life estate. Upon the three acres the grantee, at the time of the conveyance, contemplated building a house, and thereafter did build one. About the first day of May, 1891, the plaintiff commenced this action for the partition of the farm of 162 acres, being all the land left by his father, and his three sisters defended the action, alleging that he had no interest in the farm, and that the 59 acres of land conveyed to his wife was so conveyed as an advancement to him and as and for his share in his father's real estate.

The action was referred to a referee and tried before him, and he found that the intestate conveyed the 59 acres to plaintiff's wife and thereby designed and intended to convey

the same to her as and for the just share of the plaintiff as one of his children in all the real estate then owned by him ; that she knew the purpose of the conveyance and accepted it with such knowledge ; that the plaintiff also knew such purpose and acquiesced in and assented to the conveyance for such purpose, and the conveyance had in fact no other consideration ; that the intestate remained to the time of his death in the possession and use of the land conveyed, except the three acres, and the 59 acres was one-fourth in quantity and value of all the land the intestate then owned, and he ordered judgment for the defendants dismissing the complaint upon the merits. The plaintiff appealed to the General Term from the judgment and from affirmance there to this court.

*S. Hubbard* for appellant. The whole of the fourth finding of fact is erroneous. There is no evidence to support the same. (Code, § 993 ; *Todd* v. *Nelson*, 109 N. Y. 316 ; *Van Bokkelen* v. *Berdell*, 130 id. 141 ; *Halpin* v. *P. Ins. Co.*, 118 id. 165 ; *Sickles* v. *Flannigan*, 79 id. 224, 225 ; *Duffay* v. *Masterson*, 44 id. 557, 563 ; *Pollock* v. *Pollock*, 71 id. 137, 153 ; *Wailing* v. *Toll*, 9 Johns. 141 ; *Credit* v. *Brown*, 10 id. 365 ; *Hopkins* v. *Smith*, 11 id. 161 ; *Gildersleeve* v. *Landon*, 73 N. Y. 609 ; *Goodyear* v. *De La Verne*, 10 Hun, 537 ; *People* v. *Langdon*, 99 U. S. 578.) The finding is a total departure from the answer. (*Southwick* v. *F. N. Bank*, 84 N. Y. 420, 428, 429 ; *Neudecker* v. *Kohlburg*, 81 id. 296, 301 ; *Wright* v. *Delafield*, 25 id. 266 ; *Day* v. *Town of New Lots*, 107 id. 149, 154 ; *Ballou* v. *Parsons*, 11 Hun, 602 ; *Truesdell* v. *Sarles*, 104 N. Y. 165, 167 ; *Paige* v. *Willett*, 38 id. 28, 31.) The finding of fact is clearly insufficient to support the conclusion of law or the judgment. (*Bell* v. *Champlain*, 64 Barb. 397.) The referee erred in refusing to find that said conveyance to Hattie A. Palmer was not made in pursuance of the agreement set forth in the answer, nor of any agreement between plaintiff and deceased that the same should be received as an advancement, etc. (*Freeman* v. *Freeman*, 43 N. Y. 34 ; *Sherwood* v. *Smith*, 23 Conn. 516.)

The referee erred in his refusal to find the agreement of intestate to convey to plaintiff's wife if she would build. (*Knapp* v. *Hungerford*, 7 Hun, 588; *Freeman* v. *Freeman*, 43 N. Y. 34; *Van Arsdale* v. *Perry*, 21 Wkly. Dig. 116; *Cornings* v. *Wellman*, 14 N. H. 287; *Walker* v. *Dunspaugh*, 20 N. Y. 173; *Gibney* v. *Marchay*, 34 id. 301; *Clark* v. *Baird*, 9 id. 184; *Terry* v. *Chandler*, 16 id. 454; *Duffy* v. *Masterson*, 44 id. 557.)

*E. A. Nash* for respondent. There is evidence to support the findings of the referee. The fourth finding of fact, which is the basis of the judgment, is to the effect that the conveyance by Augustus Palmer to his daughter-in-law was designed and intended to convey the premises to her as and for the just share and proportion of her husband, the plaintiff, Frederick Palmer, in all of the real estate then owned by the grantor, as one of his children and heirs at law, and that there was no other consideration for the conveyance. That at the time of the conveyance these facts were well known to the plaintiff, who acquiesced in and assented to such conveyance for the purposes for which it was intended by his father. (*Partridge* v. *Havens*, 10 Paige, 618, 626; *Sanford* v. *Sanford*, 61 Barb. 293, 299; *Proseus* v. *McIntyre*, 5 id. 424; *Bell* v. *Champlain*, 64 id. 396.) The exception to the overruling of the objection to the question put to the witness, Otto Kelsey, who drew the deed from Augustus Palmer to Hattie A. Palmer, is untenable. (*Tooley* v. *Bacon*, 70 N. Y. 34.)

EARL, J. The learned counsel for the plaintiff claims that there was no evidence sustaining the findings of the referee as to the alleged advancement to the plaintiff. But a careful reading of the evidence satisfies us that there was abundant evidence. The plaintiff within a few days after his father's death admitted to a number of persons who were called as witnesses for the defendants that his share of his father's real estate had been conveyed to his wife, and substantially that he had no interest as heir in the land left by his father. These

admissions by fair implication embrace the purpose for which the conveyance was made and received, and that the plaintiff knew such purpose and acquiesced in the conveyance for that purpose. There is also evidence that the plaintiff consulted the attorney who drew the deed to his wife and was with his father when the deed was drawn, and that the deed was actually delivered to him. All this evidence is rendered very probable and greatly strengthened by the fact that the 59 acres conveyed without any consideration was equal in quantity and value to one-fourth of the real estate then owned by the intestate.

It is quite true, as claimed by the plaintiff's counsel, that so far as reliance is placed upon the admissions of the plaintiff, all that he said in making the admissions must be considered and weighed in determining the force, bearing and extent of the admissions. But all that was said by the plaintiff being considered by the referee, it was for him to draw the inferences and determine what he meant to admit and what the truth as to the facts admitted really was.

It was competent for the defendants to show by parol evidence that the deed was intended as an advancement, and such is the rule in all the states, except a few where by statute a different rule of evidence is prescribed. (4 Kent's Com. 418.)

There can be no doubt that an advancement could be made by the conveyance to his wife. If the conveyance had been made to him, under the circumstances disclosed in this record, it would, without any direct proof, have been presumed to have been made as an advancement. (*Astreen* v. *Flanagan,* 3 Edw. Ch. 279; *Proseus* v. *McIntyre,* 5 Barb. 424; *Sanford* v. *Sanford,* 61 id. 293.) But as the conveyance was made to his wife, it was incumbent upon the defendants to establish, by satisfactory evidence, that it was made to her as an advancement of the plaintiff's share. (*Dilley* v. *Love,* 61 Md. 603; *Stewart* v. *Pattison,* 8 Gill [Md.], 46; *Rogers* v. *Mayer,* 59 Miss. 524; *Rains* v. *Hays,* 6 Lea [Tenn.], 303.)

It is provided in the Revised Statutes (Part 2, chap. 2, sect. 25) that the value of property advanced " shall be estimated according to the worth of the property when given." The referee found the value of the 59 acres at the time of the conveyance to be equal to one-quarter of the value of the whole farm as the intestate then owned it, and they must have borne the same relative value at the time of the death of the intestate, and such is the effect of all the evidence as to value. The counsel for the plaintiff contends that as the intestate reserved a life estate in all but three acres, the value of such life estate should have been deducted to reach the " worth of the property when given." We think the land in which the life estate was reserved must be deemed to have been given at the time of the death of the intestate when the gift could first vest in possession. Any other construction of the language used in the section would work absurdity and might lead to injustice. On the one hand, if the value of the land is to be estimated as of the date of the conveyance, it might be unjust to a party situated like the plaintiff to take the actual value of the acres conveyed, disregarding the life estate; and on the other hand, it would be unjust to the other children when all the children came into their shares at the same time, to wit, the death of the intestate, to estimate the value of the plaintiff's share diminished by a life estate which had then ceased to exist. The purpose and object of the section require the construction we give to it. But there is a further answer to this claim. In the earlier part of the section it is provided that " the value of any real or personal estate so advanced shall be deemed to be that, if any, which was acknowledged by the child by an instrument in writing." The consideration mentioned in the deed to plaintiff's wife, the payment of which is acknowledged, is $4,720, which is the total of eighty dollars per acre for the 59 acres. We must presume that this sum was inserted in the deed as the value of the land in the estimation of the parties at the time of the conveyance. The wife, in taking the conveyance, stood for the plaintiff. He assented to the conveyance and knew its contents. Her

acknowledgment of the value must be deemed his acknowledgment, and as the sum mentioned is beyond any dispute equal to one-fourth of the value of the whole farm, as it then existed, all controversy about value is foreclosed by force of the statute.

The defendants were not bound to show that this advancement was made in full of the plaintiff's share in both real and personal estate.   Here land alone was in controversy, and it was sufficient for them to show that the advancement was in full of plaintiff's share in the land of his father, leaving him to share with the other children in the personal estate.

We have thus covered all the material points mentioned in the argument on behalf of the plaintiff.   Other exceptions taken are not of sufficient importance to need particular attention now.

The judgment should be affirmed, with costs.

All concur, except ANDREWS, Ch. J., not sitting.

Judgment affirmed.