Summers, J.
In 1892 McLain Shehy died intestate, seized of certain lands, and left surviv *290 ing him as his only heirs at law his widow since deceased, his son, the plaintiff, and his three daughters, the defendants.
After the father’s death certain of the lands were partitioned among the children, and other lands were sold for twenty thousand dollars, and the purchase money was paid to and retained by the three sisters. The brother brought this suit to recover his share. The sisters answered that in the year 1890, the father conveyed to the son by deed of general warranty, ninety-nine acres of land, that it was agreed between the father and son that the value of the land was $4,700, that the land was conveyed by the father and accepted by the son as an advancement, and that the sum had not been deducted from the son’s distributive share of the estate. '
The deed recited a consideration of $4,700 and acknowledged its receipt. The deed was recorded in the year of its. date, and the son in the same year went into possession of the land.
The defendants, over the objection of the plaintiff, were permitted to offer in evidence the following receipt: “$4,700.00. Youngstown, Ohio, April 15th, 1890.' Received of L. McLain Shehy, forty-seven hundred dollars to apply on my interest in his estate. Lucius M. Shehy.” They also offered parol evidence tending to prove that the conveyance was an advancement. The courts below found in favor of the sisters. .
The plaintiff contends that it is not competent to prove that the consideration expressed in the deed was an advancement, and that the evidence offered, if competent, was not sufficient to establish the *291 fact; that the deed is a deed of purchase, and that it is not competent to prove that it is a deed of gift by way of advancement.
That the consideration clause in a deed of conveyance is. conclusive for the purpose of giving effect to the operative words of the deed, creating a right or extinguishing a title, but that for every other purpose it is open to explanation by parol proof, and is prima facie evidence only of the amount, kind and receipt of the consideration, is settled by the almost unbroken current of American decisions, although the contrary is true in England.
McCrea v. Purmort, 16 Wend., 460, decided in 1836, is a leading case. In that case, Cowen, J., reviews the cases and says (470), “The only state whose courts appear to have maintained a steady course of decision favorable to the conclusive character of the clause is North Carolina.” And in conclusion he says (475), “Looking at the strong and overwhelming; balance of authority, as collectible from the decisions of the American courts, the clause in question, even as between the immediate parties, comes down to the rank of prima facie evidence, excent for the nuroose of giving effect to the operative words of the conveyance.”
Noticing what he there says respecting the decisions in North Carolina, it may be observed that in Barbee et al. v. Barbee et al. 108 N. Car., 581, decided in 1891, the cases in that state are reviewed, the earlier cases .are overruled and in accordance with the American doctrine the rule is held to be that, “A recital in a deed of the receipt of the consideration is not contractual in its char *292 acter, and is only prima facie evidence of the payment of the purchase money which may be rebutted by parol testimony.”
In addition to the cases cited in McCrea v. Purmort, supra, the following cases, adopting the same rule, since then decided, may be cited: Mobile & Montgomery Railway Co. v. Wilkinson, 72 Ala., 286; Fechheimer et al. v. Trounstine, 15 Colo., 386; Meeker v. Meeker, 16 Conn., 383; Morris v. Tillson et al., 81 Ill., 607; Rockhill v. Spraggs et al., 9 Ind., 30; Finch et al. v. Garrett et al., 102 Ia., 381; Goodspeed v. Fuller, 46 Me., 141; Bassett v. Bassett, 55 Me., 127; Homer v. Grosholz & Coquentin, 38 Md., 520; Kumler v. Ferguson, 7 Minn., 442; Hogel v. Lindell, 10 Mo., 483; Speer v. Speer, 14 N. J. Eq., 240; Sanford v. Sanford, 61 Barb., 293; Palmer v. Culbertson et al., 143 N. Y., 213; Hall v. McNally et al., 23 Utah, 606; Beach v. Packard, 10 Vt., 96; White v. Miller, 22 Vt., 380; Bruce and wife v. Slemp and wife, 82 Va., 352.
Perhaps the most satisfactory reason for the rule is given by Robertson, J., in Gully v. Grubbs, 1 Marshall (Ky.), 387, 390. Pie says: “Attention to the principles upon which parol testimony is admissible to explain or avoid the effect, or the apparent import of a writing, may reconcile many, if not all, of the authorities which seem to be in conflict. One of these principles is, that, as in certain classes of cases, the statute of frauds and perjuries requires writing to vest rights; it would be subversive of the policy of the statute, to allow parol testimony to change the legal import of the written evidence of a 'right adopted; to certify it, *293 therefore, in all such cases, no inferior grade of testimony shall be admitted to supply or control the intrinsic meaning of the writing.
“Another principle, and one more universal than 'the former in its application, is, that wherever a right is vested, or created, or extinguished, by contract or otherwise, and writing is employed for that purpose, parol testimony is. inadmissible, to alter or contradict the legal and common sense construction of the instrument. But that any writing, which neither by contract, the operation of law, nor otherwise vests or passes, or extinguishes any right, but is only used as evidence of a fact, and not as evidence of a contract or right, may be susceptible of explanation by extrinsic circumstances or facts. Thus a will, a deed, or a covenant in writing, so far as they transfer or are intended to be evidence of rights, can not be contradicted or opposed in their legal construction, by facts, ‘aliunde.’ But receipts and other writings, which only acknowledge the existence of a simple fact, such as the payment of money for example, may be susceptible of explanation, and liable to contradiction by witnesses.
“A party is estopped by his deed. He is not to be permitted to contradict it; so far as the deed is intended to pass a right or to be the exclusive evidence of a contract, it concludes the parties to it. But the principle goes no farther. A deed is not conclusive evidence of everything which it may contain. For instance, it is not the' only evidence of the date of its execution; nor is its omission of a consideration, conclusive evidence that none passed; nor is its acknowl *294 edgment of a particular consideration, an objection to- other proof of other and consistent considerations. And by analogy, the acknowledgment in a deed, that the consideration had •been received, is not conclusive of the fact. This is but a fact. And testing it by the rationality of the rule which we have laid down, it may be explained or contradicted. It does “not necessarily and undeniably prove the fact. It creates no right. It extinguishes none. A release can not be contradicted or explained by parol, because it extinguishes a pre-existing right. But no receipt can have the effect of destroying, per se, any subsisting right. It is only evidence of a fact. The payment of the money discharges or extinguishes the debt; a receipt for the payment does not pay the debt, it is only evidence that it has been paid. Not so of a written release. It is not only evidence of the extinguishment, but is the extinguisher itself.
“The acknowledgment of the payment of the consideration in a deed, is a fact riot essential to the conveyance. It is immaterial whether the price of- the land was paid or not; and the admission of its payment, in the deed, is generally merely formal. But if it be inserted for the purpose of attesting the fact of payment, (as it seldom, if ever, is in this country,) it is not better evidence than a sealed receipt on a separate paper would be; and, as we have already said, it seems to us that it would not be as good, for obvious reasons. The practice of inserting such acknowledgments in deeds, is very common, whether the consideration had been paid' or not. ‘For and in considera *295 tion of $-, in hand paid/ etc., is a commonplace phrase, which may be found in deeds generally. And it is seldom intended as evidence of payment, or for any other practical purpose, except to show the amount of consideration. To establish the conclusiveness of such loose expressions, therefore, might produce extensive injustice. If a note had been given for the consideration, and afterward, without payment, a deed be executed for the land, with the commonplace phraseology in relation to the price, would this be conclusive evidence that the notes had been paid off and discharged? Surely not.”
And in Beach v. Packard, 10 Vt., 96, 100, supra, it is said by Collamer, J.: “Parol 'evidence cannot be admitted to vary, contradict, add to or control a deed or written contract. The deed of bargain and sale, between these parties, had for its object the conveyance of certain land; and the extent of the land conveyed, the parties thereto, the estate conveyed thereby, and the covenants attending it, could not be affected by parol proof; and even that part, which relates to the consideration, or the payment thereof, could not be contradicted or varied, by parol, so as in any way to affect the purpose of the deed, that is, its operation as a conveyance. All this is well settled law, and fully sustained by the authorities cited by the defendant’s counsel. But the question still remains, when this acknowledgment of payment, under seal, comes collaterally in question, not for any purpose of affecting the conveyance of the lands, or raising any trust or interest therein, does any such rule of estoppel apply? The expressions from Shep *296 pard’s Touchstone, and in a large part of the authorities, .relied on by the defendant’s counsel, are all in relation to the inadmissibility of the parol proof, as to the consideration, to affect the deed, and create thereby a resulting trust, or convert the conveyance into a covenant to stand seized, to the use of the grantor.
“It has long been holden in England, and in this country and even in this state, that receipts may be varied or contradicted by parol, as they are not contracts. If it may be so done as to a written receipt, we do not see why the same may not, as consistently, be done with one under seal. The evidence does not vary, control or affect the contract as a conveyance, and it was only so far as the consideration was essential to give effect to the deed, as an absolute conveyance, in fee, that what is said on that subject is any part of the deed. For all that purpose, it remains unaffected when the evidence is offered, only to prove that the consideration money has not actually passed to the grantor, merely to enable him to recover the same.”
In this state reference may be made to the following cases as illustrative of the application of the rule stated: Williams et al. v. Williams et al., 3 W. L. M., 258, in the district court of Fulton county, was a suit for partition brought by the half-brothers and sisters against the brothers of the whole blood, for the partitioning of lands that had been conveyed by the father, by a deed reciting a valuable consideration, to a son, who had died intestate without issue and seized of the land. If the land was ancestral the half bloods were *297 entitled to share, but they were not if it came by purchase, and they offered parol evidence to prove that the consideration was not as recited in the deed, money, but natural dove and affection, and that the deed was a deed of gift. It was held that the evidence was incompetent, as the effect would be to contradict the deed as to the kind of consideration therein recited, and would defeat the policy of the statute of frauds by making a title to real estate to rest in parol. It was also said in that case, although the question was not presented, that such evidence was competent to prove that a grant was an advancement, so far as such proof may affect other lands sought to be partitioned, but not to divest the grantee of title to any part of the lands granted by way of advancement.
In Patterson v. Lanson, 45 Ohio St., 77, the deed recited a consideration of six thousand dollars, and acknowledged its receipt from the grantee. The fact was that the deed was a wedding gift to an adopted daughter. The father paid the purchase price and had the deed made by the seller conveying the land to the daughter. The daughter died intestate and without issue. The question was as to the course of descent. If the consideration cóuld not be explained, then the title was in the daughter by purchase and the land descended to the husband; if it could be explained, then the land descended as ancestral property. It was held that the consideration clause of the deed could not be varied or explained to change the operation and effect of the deed. To the same effect are Brown v. Whaley et al., 58 Ohio St.. 654, and Groves et al. v. Groves, 65 Ohio St., 442.
*298 As illustrative of the application of the rule that the consideration clause of a deed may be explained for purposes other than changing the effect of the deed as a conveyance, the following Ohio cases may be considered: Harrison v. 'Castner, 11 Ohio St., 339. That was an action for the recovery of real estate. On one side it was claimed that the conveyance of one tract of land was the consideration for an agreement to convey another in exchange; and on the other side, that the conveyance, was an advancement from father to son. The defendant in the action, as a part .of his evidence to make out the agreement, having offered a deed, from Michael Castner to Rassellas Castner, which purported to have been made for the consideration of two thousand dollars, the plaintiff, Rassellas Castner, offered himself as a witness, and proposed to prove that the consideration was, in fact, natural love and affection; and that there was no other consideration. This evidence was objected to, on the ground that Rassellas Castner was not at liberty to contradict the recital in the deed. In the opinion Gholson, J., says: “The deed, in view of the purpose for which it had been offered in evidence, that is, to prove a parol agreement in reference to land, other than that which it conveyed, amounted to no more than the admission or declaration of Rassellas Castner, in reference to the matters stated or recited. The title to the land conveyed by the deed was not in question; there was no privity between the parties, as to the estate it created. Considered as such an admission, offered for such a purpose, we do not think the grantee was concluded by the recital, as *299 to the consideration, but that, like an 'ordinary admission, it was open to explanation or contradiction.” In support of the opinion, the cases above cited in 16 Wend., 16 Conn., 10 Vt, 1 Marsh., and others are cited.
In Parsons et al. v. Parsons, 52 Ohio St., 470, it is held: “In the partition of the lands of an intestate among his children and the children of a deceased son, the portion which the latter inherited should be charged with an advancement made to their father by such intestate.” In that case a deed from the father to a son recited a consideration of $4,046, and it was held competent to show that to the extent of $2,846 the consideration was an advancement.
In Carter et al. v. Day et al., 59 Ohio St., 96, it is held: “When partition is made by mutual releases, they should be read and construed together, in the light of the circumstances attending their execution; and it is competent to show that their only purpose was to accomplish the partition, and no other consideration passed between the parties, though a pecuniary consideration be expressed in the deeds.” Evidence that no consideration passed was held competent on the ground that partition, whether by a proceeding in court or by deed, does not change the character of the estate but only its enjoyment; it does not create any new title but merely severs the possession. “Where tenants in common execute deeds of bargain, sale and release, for the consideration of an agreement for partition, and one dollar, they inure as deeds of partition only.” Dawson et al. v. Lawrence et al., 13 Ohio, 544. *300 But as intimated in the opinion by Lane, C. J., when the rights of a purchaser, for value and without notice, from such grantee are involved, a different rule may apply. See also Weeks v. Haas, 3 W. & S. (Pa.), 520; Harrison v. Ray, 108 N. Car., 215; Whitsett v. Wamack et al., 159 Mo., 14; Finley v. Cathcart, 149 Ind., 470.
Meeker v. Meeker et al., 16 Conn., 383, supra, was a case in respect to advancements, and it was held, “Where the consideration expressed in a deed from a father to his son, was two thousand dollars; it was held, that parol evidence was admissible to show, that nothing was in fact paid, but that the conveyance was made as an advancement to the son.” Rockhill v. Spraggs et al., 9 Ind., 30, was a case in partition. In the answer the defendants averred that another tract had been conveyed by the deceased in his lifetime, to the plaintiff, as an advancement. The deed recited a consideration of three hundred dollars. Parol evidence was admitted, against the plaintiff’s objection, to show that the land so conveyed was an advancement to the plaintiff. Finch v. Garrett, 102 Ia., 381, supra, was a suit in partition, and it was held, “Parol evidence is admissible to show that the deed from a parent to a child, expressing a valuable consideration, was in fact voluntary, where the purpose is to show that the conveyance was an advancement to the child, and not to avoid the deed.” Speer v. Speer, 14 N. J. Eq., 240, supra, was a suit in partition, and it was held competent to show that a deed reciting a valuable consideration was an advancement. In the opinion it is said by the chancellor (247) : “It is objected that, *301 inasmuch as the deed purports to be a sale for a valuable consideration, it is not competent to contradict the deed by proof that it was made for natural love and affection or other good consideration. The evidence is not offered to invalidate the deed by showing a want of consideration. The title of the defendant is not called in question. The only design of the evidence is to show the intent with which the deed was executed, and to prevent the defendant from using it for a fraudulent purpose to the prejudice of the other heirs of the grantor.” And again, “It was well suggested by counsel, upon the argument that this objection, if valid, would render the statute inoperative. For where an advancement of land is made by father to son, it is the usual, if not universal practice, to do it by deed of bargain and sale, and the consideration is inserted as evidence of the value .of the advancement intended to be made. So much is this the case, that by statute in some of the states, the consideration, expressed in the deed' is conclusive proof of the value of the advancement made.” In Barbee v. Barbee, 108 N. Car., 581, supra, there was a question of advancements, and in the opinion Shepherd, J., quotes with approval as follows from Harper v. Harper, 92 N. Car., 300: “It was contended on the argument that the parol evidence introduced by the appellees was incompetent because its effect was to explain and contradict the deed. This is a misapprehension of the purpose of the evidence. The deed was not in question at all. There was no purpose to contradict, or change, or modify its terms, or to change its meaning in any degree. Its office was *302 to convey the title to the land. The evidence was introduced in respect to a matter outside of and independent of it; it was intended to show with what intent the father and bargainer made it, apart from the purpose to convey land to his son. It was put in evidence not to prove title, but to show a particular .intent on the part of the maker of it, in another respect distinct from it.” In Sanford v. Sanford, 61 Barb., 293, supra, it is held, “When a parent conveys land to his child, without asking or receiving any consideration therefor, the presumption is that it is an advancement to the child, though the deed recites a money consideration, and contains an acknowledgment of the payment of it.” In Palmer v. Culbertson et al., 143 N. Y., 213, supra, a conveyance had been made by a father to the wife of his son, and it was held that parol evidence was competent to show that the deed was intended as an advancement to the son. In Bruce and wife v. Slemp and wife et al., 82 Va., 352, it was held that parol evidence was admissible to prove that a conveyance by a father to his daughter’s husband, by deed reciting a valuable consideration, was an advancement to the daughter.
In this state, as to advancements, it is provided by statute (Sections 4169-4172, Revised Statutes), that if any advancement has been made, it shall on distribution be treated as taken by the recipient towards his share, and as of the value expressed in the deed or in the written receipt given. The statute does not provide the mode of proof, and the statute would probably be inoperative if, as *303 suggested in one of the cases noticed, the consideration expressed in a deed could not be explained, but in the view taken of the law it is unnecessary to consider whether, if the law were otherwise, it would be changed by the statute.
The present case does not involve the title to the land, no question is made as to the validity of the deed, nor is it sought to change the course of descent of the land by proof that the deed was one of gift and not of purchase. The suit was brought by the plaintiff to recover from his sisters his share of the purchase price for other lands he had'joined with them in conveying; they contend that he should be charged with an advancement of $4,700 made- by the father, by a conveyance of the ninety-nine acres to him, and he objects to the evidence on the ground that it contradicts the consideration clause of the deed, and only in this collateral way is the deed involved‘in this case.
As to the legal' sufficiency of the evidence there does not seem to be any ground upon which to raise a question. When the consideration expressed in a deed is natural love and affection, the presumption is that it was intended as an advancement, and when (or if) the plaintiff admitted that such 'was the consideration, as he practically did when he admitted that nothing was paid, and said that his father said, “There’s your pay for what you have done for me,” the burden was upon him to rebut the presumption.

Affirmed.

Crew, C. J., Spear, Davis, Shauck and Price, JJ.,. concur.