## PYLANT *v.* BURNS *et al.*

A receipt given by a daughter to her father, in which she acknowledges the receipt of a specified sum of money as an advancement by him in full of her share of his estate, and in which she releases him from all other claims which she had or might have against him or his estate by virtue of the fact that she was his daughter, does not bar and estop her from taking his estate, when he dies leaving no wife nor other children, she being his only child and sole heir at law; and the brothers and sisters of the father are not entitled to the estate of the intestate father, to the exclusion of such child.

No. 2967. MAY 20, 1922.

Petition for direction. Before Judge Hutcheson. DeKalb superior court. November 9, 1921.

P. K. Burns, as administrator upon the estate of T. J. Goza, filed a petition praying direction as to the distribution of the estate represented by him. The case was submitted to the court without the intervention of a jury. The facts upon which a decision of the matter depends are as folows: T. J. Goza died intestate leaving no widow, but leaving as his next of kin one daughter, two brothers, three sisters, and the children and grandchildren of a deceased sister. The daughter (Mrs. Pylant), prior to her marriage and during the life of her father, executed a receipt in the following language: " State of Georgia, County of DeKalb. The undersigned, Lena Goza, daughter of T. J. Goza, of the above State and County, hereby acknowledges receipt of the sum of one thousand ($1,000.00) dollars as an advancement by him in full of my share of his estate; and he is hereby released from all claims I have or may have against him or his estate by virtue of my being

34

his child. The above-stated amount is represented by and composed of and consists of ten time-deposit certificates of the DeKalb County Bank, of Decatur, Georgia, one of each of said certificates maturing each year hereafter, with interest at 5%, and not transferable. This the 4th day of March, 1920. [Signed] Lena Goza." At that time she received the certificates of deposit mentioned. The bill of exceptions recites that these facts were agreed upon by all the parties. The court rendered the following decree: " The said daughter of intestate, Lena Goza Pylant, in accepting the sum of one thousand ($1,000.00) dollars from her father, T. J. Goza, in full of all interest in his estate, relinquished her expectancy therein, and is now precluded from demanding any part thereof, and thus the brothers and sisters of intestate or their heirs became the heirs at law of intestate." The daughter assigns error upon this judgment, and says it is contrary to law, because she did not by the receipt quoted relinquish her expectancy in the estate of her father; and that as his sole heir at law she is entitled to his estate, to the exclusion of his brothers and sisters and their representatives, who would take only in the event there was no widow or child or representative of child.

*M. D. Irwin, L. J. Steele,* and *Anderson, Rountree & Crenshaw,* for plaintiff in error.

*T. H. Goodwin* and *F. A. Hooper & Son,* contra.

HINES, J. (After stating the foregoing facts.) A receipt given by a daughter to her father, in which she acknowledges that she has received of him a specified sum as an advancement in full of her prospective share in his estate at or after his death, and by which she relinquishes all her right, title, and interest in his estate, is a valid and binding contract, and after the death of the father intestate, leaving other heirs and distributees, will bar and estop her from claiming or taking any part of his estate in a contest with his administrator. *Newsome* v. *Cogburn,* 30 *Ga.* 291; *Barham* v. *McKneely,* 89 *Ga.* 812 (15 S. E. 761).

There are very respectable authorities which hold the contrary doctrine. Some hold that the mere expectancy of an heir can not be sold or assigned, and that a release by an heir in the lifetime of the ancestor of his interest in the the estate is inoperative. In Re Thompson's Estate, 26 S. D. 576 (128 N. W. 1127, Ann. Cas. 1913B, 446) ; Needles *v.* Needles, 7 Ohio St. 432, 70 Am. D. 85;

Cass *v.* Brown, 68 N. H. 85, 44 Atl. 86). It was held that such a release should only be treated as evidence of an advancement. Robinson *v.* Robinson, Brayt. (Vt.) 59. The Supreme Court of North Carolina held that the course of descents can not be altered by any agreement between the parties. Canon *v.* Nowell, 51 N. C. 437.

The Supreme Court of Virginia held that it would not engraft this principle into the jurisprudence of that State, as its laws for the descent and distribution of estates were simple, and produced perfect equality, without unduly restraining the power of testamentary disposition. Headrick *v.* McDowell, 102 Va. 124, 45 S. E. 804, 102 Am. St. R. 843, 65 L. R. A. 578. The Supreme Court of Iowa recently held that a relinquishment from son to father of the former's right of inheritance is a mere idle form, in view of the latter's testamentary power. State Bank *v.* Schutt, 174 Ia. 583 (156 N. W. 762).

But by the great weight of the authorities the rule laid down by this court, in the cases above cited, has been adopted. Lockyer *v.* Savage, 2 Stra. 947; Medcalfe *v.* Ives, 1 Atk. 63; In re Lewis (Can.) 29 Ont. 609; Bishop *v.* Davenport, 58 Ill. 105; Galbraith *v.* McLain, 84 Ill. 379; Kershaw *v.* Kershaw, 102 Ill. 307; Simpson *v.* Simpson, 114 Ill. 603 (2 N. E. 258, 4 N. E. 137, 7 N. E. 287); Crum *v.* Sawyer, 132 Ill. 443 (24 N. E. 956); Rodemeier *v.* Brown, 169 Ill. 347 (48 N. E. 468, 61 Am. St. R. 176); Bolin *v.* Bolin, 245 Ill. 613 (92 N. E. 530); Hudson *v.* Hudson, 222 Ill. 527 (78 N. E. 917); Gray *v.* Bailey, 42 Ind. 349; Nicholson *v.* Caress, 59 Ind. 39; Brown *v.* Brown, 139 Ind. 653 (39 N. E. 152); Jones *v.* Jones, 46 Iowa, 466; Stolenburg *v.* Diercks, 117 Iowa, 25 (90 N. W. 525); Cushing *v.* Cushing, 7 Bush (Ky.), 259; Daniel *v.* Lewis, 13 Ky. L. R. 827; Smith *v.* Smith, 59 Me. 214; Hilton *v.* Hilton, 103 Me. 92 (68 Atl. 595); Quarles *v.* Quarles, 4 Mass. 680; Kenney *v.* Tucker, 8 Mass. 143; In re Simon, 158 Mich. 256 (122 N. W. 544, 17 Ann. Cas. 723); Havens *v.* Thompson, 26 N. J. Eq. 385; Fisher *v.* Bolton (N. J.), 6 Atl. 500; Kinyon *v.* Kinyon, 72 Hun, 452 (25 N. Y. Supp. 225); Power's Appeal, 63 Pa. 443; Palmer *v.* Culbertson, 143 N. Y. 213 (38 N. E. 199); Roberts *v.* Coleman, 37 W. Va. 143 (16 S. E. 482); Coffman *v.* Coffman, 41 W. Va. 8 (23 S. E. 523); Squires *v.* Squires, 65 W. Va. 611 (64 S. E. 911).

We are unwilling, however, to extend this principle to the extent of holding that such a release will bar the sole heir of an intestate, under our statute of distributions, and to give the estate to others who would be heirs at law of the intestate only in the event he died without leaving a child or children. Where one of a class of prospective heirs accepts from his ancestor an advancement in full of his share to which he would be entitled on the death of such intestate, he will be estopped from claiming an interest in the estate against other heirs who would otherwise share equally with him as such heir. Having gotten his portion in advance, and having used and enjoyed it during the life of the intestate, and before those who would be his coheirs came into their shares of the inheritance, he should not be heard to repudiate his agreement and claim a still further portion of the estate of his intestate. But to hold that a prospective heir, who accepts an advancement and relinquishes his claim to any further interest in the estate of a person who subsequently dies intestate, leaving no person or persons who stand in the same degree of relationship to the intestate as such advanced prospective heir, shall not take any further interest in the estate of his ancestor, but that others should take the estate, who do not stand in the same degree of relationship to the intestate as the one so advanced, and who would not inherit the estate under the statute of distributions, is quite a different thing. This is going further than we are willing to go.

Under our statute of distributions children stand in the first degree from the intestate, and inherit equally all property of every description. Civil Code, § 3931, par. 4. Brothers and sisters stand in the second degree, and inherit, if there is no widow, or child, or representative of child. Civil Code, § 3931, par. 5. Our statute clearly defines who shall inherit and take the estate of an intestate. Brothers and sisters can only inherit, " if there is no widow, or child, or representative of child." When there is a child, he takes the estate of his ancestor by this statute. This statute can not be changed by any agreement entered into by the intestate and his heir at law. The Supreme Court of North Carolina well says : " Heirs take by positive law when the ancestor dies intestate, and the course of descents can not be altered by words excluding particular heirs, or by any agreement of the parties. Suppose the father to have had no other child at his death but the plaintiff ;

being the sole heir, he must have taken the whole of the descended land ex necessitate. There must, therefore, be a disposition to another so as to break the descent, otherwise the land descends, and, of course, it descends according to law; that is, in this case, to the heirs in general, subject to the provision for bringing advancements into hotchpotch." Cannon v. Nowell, 51 N. C. 437.

The Supreme Court of Illinois, referring to the decision in the case of Crum v. Sawyer, 132 Ill. 443, said: " It was not held or intimated that the effect of the contract was to make persons heirs at law who were not so by law, but only to enlarge the portions which the other heirs would take." Hudnall v. Ham, 183 Ill. 486 (56 N. E. 172, 48 L. R. A. 557, 75 Am. St. R. 124, 128).

An heir can not be disinherited except by express devise, or necessary implication, and the implication to that effect must amount to such a strong probability that an intention to the contrary can not be supposed. Wright v. Hicks, 12 Ga. 155 (56 Am. D. 451); Wilder v. Holland, 102 Ga. 44 (29 S. E. 134); Sutton v. Hancock, 115 Ga. 857 (42 S. E. 214). To disturb the ordinary course of descent of property, the disherison of the heirs at law must affirmatively appear. Haralson v. Redd, 15 Ga. 148; Miller v. Speight, 61 Ga. 462. While these decisions refer to disherison by will, we see no reason why they should not apply to disherison by contract between the ancestor and an heir. Before there can be any disherison, the parties to whom the estate is to go must be named in the instrument disinheriting the heir, whether such instrument be a will or a contract, in cases where such persons can not take as heirs at law under our statute of distributions.

Such releases should receive a reasonable construction. The instrument involved in this case acknowledges " receipt of one thousand dollars ($1,000.00) as an advancement " by the father, in full of the share of the daughter in his estate; and further declares that he is hereby released from all claims which she had or might have against him or his estate by virtue of her being his child. So this relinquishment deals with the subject of an advancement to the child. It should take color and construction from this situation. It is an acknowledgment that the advanced child had received her full share of the estate of her father, and that she should receive nothing further from the estate, should other heirs be in existence at the death of the father. If the father had

left a wife or other child him surviving, then this daughter would be barred and estopped, by reason of this relinquishment, from claiming anything further from the estate; but it does not mean that the child, the only child of the father, should be disinherited when the father died leaving no wife or children surviving, who could take the estate under the statute of distributions, and that such estate should go to others who can not take under such statute. This is especially true in view of the right of the father to have disposed of his property by will to the entire exclusion of this only child. Not having done so, and having left this child as his sole heir at law, the latter, under our statute of distributions, is entitled to his estate; and the trial judge erred in holding to the contrary.

*Judgment reversed. All Justices concur, except Gilbert, J., dissenting.*