### HOME MIXTURE GUANO COMPANY *v.* McKOONE *et al.*

HINES, J. 1. Where a father under a parol agreement between him and his son gives to the latter a tract of land as an advancement in full of his prospective share in his estate at and after his death, and where the son under such agreement accepts and takes possession of such land in full of his prospective share as heir at law in the estate of his father, such agreement, after full performance, is a valid and binding contract, and after the death of the father intestate, leaving other heirs, the son will be barred and estopped from claiming or taking any part of the father's estate as an heir at law of the father. In these circumstances all property left by the father would pass to his other heirs at law, to the exclusion of such son; and a creditor who obtains a judgment against the son, after the making of such contract and its full performance by the father, can not subject any part of the property left by the intestate father, upon the ground that the son was entitled to it as his share in the estate of his father. *Newsome* v. *Cogburn*, 30 *Ga.* 291; *Barham* v. *McKneely*, 89 *Ga.* 812 (15 S. E. 761); *Pylant* v. *Burns*, 153 *Ga.* 529, 530 (112 S. E. 455, 28 A. L. R. 423).

(*a*) Full performance of this contract by the father, accepted by the son in accordance with the agreement, renders the agreement valid under the statute of frauds. Civil Code (1910), § 3223.

(*b*) Such agreement was not rendered ineffective by the fact that the father, at the time he gave the land to his son and put him in posses-sion, did not execute to him a conveyance to the land, where the father

soon thereafter, at the instance of the son, conveyed the land to one to whom the son sold it, and where the son received the full amount of the purchase-money.

(c) Under said agreement and its full performance, the statute of descent and distribution would not operate to vest in the son title to any share in the estate of his father, but would operate to vest title to all property left by the father in his remaining heirs.

2. The court did not err in permitting the defendant in execution and another son of the intestate to testify as to the agreement hereinbefore referred to (set up by the claimants in aid of their claim), over objections (a) that the witness was incompetent to testify to this agreement, on account of the death of his father, and (b) that the testimony was irrelevant and immaterial.

(a) The plaintiff in fi. fa. was not the assignee, transferee, or personal representative of the deceased; and for this reason these witnesses were not incompetent to testify as to this agreement between their deceased father and the defendant in fi. fa., under paragraph 1 of section 5858 of the Civil Code of 1910. In *Hudson* v. *Broughton*, 147 *Ga.* 547 (94 S. E. 1007), the suit was instituted by a vendee of the deceased vendor, to recover a house and lot conveyed by the latter to the plaintiff, against a person in possession claiming under a parol gift from the vendor. In that case it was correctly held that the donee was an incompetent witness to testify as to conversations and transactions with the vendor, relative to the transfer of the house and lot to the plaintiff, which tended to defeat the title of the plaintiff.

(b) The testimony here objected to was material and pertinent as tending to establish the contract dealt with in the first headnote.

3. The court did not err in refusing a request to give in charge to the jury the following instruction: "If the three heirs in this case after the death of their father, with full knowledge of any advancement to any one, got together and divided and paid to one a part of the estate and left the other which was real estate, and all the debts of deceased are paid, the heirs would be estopped to set up any advancement so known, to defeat a fi. fa. levied on a one third interest of one heir." Such instruction was not pertinent to the issue tried in this case. In *Byrd* v. *Byrd*, 44 *Ga.* 258, the heirs had divided an estate, knowing that some of them had received advances for which they did not account; and it was held that they were estopped from later demanding a division and an accounting for advances. The claimants were not seeking to have a division and an accounting for advancements made to the defendant in fi. fa.; but were seeking to show, by the agreement which they set up, that no title vested in him as an heir at law to any property of the intestate remaining after such advancement.

4. The court did not err in failing to give in charge to the jury the principle of law embodied in section 4052 of the Civil Code. This is so for the reason that the claimants were not undertaking to make the defendant in execution account for advancements made to him by the intestate.

5. The verdict is supported by the evidence.

6. The other assignments of error, relating to the admission of testimony, and instructions given by the court to the jury, are without merit.

7. Applying the principles above ruled, the court did not err in overruling the demurrer and the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 6931. MARCH 14, 1929. REHEARING DENIED APRIL 13, 1929.

320

*R. A. McGraw,* for plaintiff.    *J. F. Hatchett,* for defendants.